1999 ND 203

**David LAUDE, Plaintiff and Appellant,**

v.

**Constance K. LAUDE, Defendant and Appellee.**

No. 990028.

Supreme Court of North Dakota.

Oct. 20, 1999.

Rehearing denied Dec. 6, 1999.

Mark R. Fraase and Douglas W. Nesheim (argued) of Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, N.D., for plaintiff and appellant.

Monty G. Mertz of Mertz Law Office, Fargo, N.D., for defendant and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] David Laude appeals from the trial court's November 13, 1998, judgment and December 28, 1998, amended judgment, challenging the court's spousal support award. We affirm, holding the trial court's spousal support award is not clearly erroneous.

[¶ 2] David Laude and Constance Laude were married on February 28, 1969. After twenty-nine years of marriage, they divorced in 1998. David Laude was fifty-one years old and Constance Laude was forty-nine years old at the time of the divorce.

[¶ 3] Constance Laude is a high school graduate. She attended Joseph's Hair College and is employed three days a week as a cosmetologist. Constance Laude is partially disabled from a 1993 automobile accident. She suffers from permanent injuries including fibromyalgia, knee injuries, severe headaches, TMJ (temporal mandibular joint) dysfunction, and memory loss. These ailments affect her ability to work full time. David Laude is a high school graduate and has worked for the United States Postal Service since 1966.

[¶ 4] On August 10, 1998, in a post-trial stipulation, the parties agreed to a marital property division. They agreed the total marital asset value was approximately $175,800, and the net marital asset value was between $148,500 and $148,600. The parties' marital debt totaled $27,240, which included $2,000 in attorneys' fees and $25,240 owed to Florence Benz, David Laude's mother. Under the parties' stipulation, Constance Laude received the marital home sale proceeds, valued at $83,000. David Laude received Constance Laude's waiver of all right, title, interest, and claim to his pension with the United States Postal Service, valued at $41,811.77. The parties also expressly stipulated to submit the issue of spousal support to the trial court for determination.

[¶ 5] On November 13, 1998, the trial court entered its judgment, which incorporated the parties' stipulation. After applying the *Ruff–Fischer* guidelines, the court concluded Constance Laude was entitled to permanent spousal support of $800 per month until her death or remarriage, to be reduced to $500 per month when David Laude retires. David Laude moved to amend the judgment. On December 28, 1998, the court amended the judgment reducing David Laude's post-retirement spousal support obligation to $300 per month. David Laude appeals, arguing the trial court's spousal support award is clearly erroneous.

[¶ 6] David Laude recognizes the trial court has the discretion to award spousal support, but he argues the post-retirement spousal support is an improper claim against his retirement pension because Constance Laude waived any right to his retirement pension in the parties' stipulation.

[¶ 7] We have encouraged trial courts to recognize valid, equitable property agreements between divorcing parties. *Crawford v. Crawford*, 524 N.W.2d 833, 835–36 (N.D.1994); *Clooten v. Clooten*, 520 N.W.2d 843, 846 (N.D.1994); *Peterson v. Peterson*, 313 N.W.2d 743, 744 (N.D.1981). The public policy on divorce favors a "prompt and peaceful resolution of disputes." *Clooten*, at 846 (quoting *Wolfe v. Wolfe*, 391 N.W.2d 617, 619 (N.D.1986)). "[T]o the extent that competent parties have voluntarily stipulated to a particular disposition of their marital property, a court ordinarily should not decree a distribution of property that is inconsistent with the parties' contract." *Wolfe*, at 619.

[¶ 8] In this case, Constance Laude "waive[d] all right, title, interest and claim to David's pension" in the incorporated stipulation. However, Constance Laude and David Laude also voluntarily stipulated to "submit to the [Trial] Court the decision as to the issue of whether one party shall pay to the other any alimony, spousal support or maintenance, and the amount and duration thereof."

[¶ 9] The post-retirement spousal support awarded by the court is clearly not a claim by Constance Laude against David Laude's pension. The parties' stipulation expressly left the spousal support award determination to the trial court. While some testimony suggested the pension proceeds may be David Laude's only income source during retirement, the trial court did not award Constance Laude a portion of the pension proceeds. After retirement, David Laude may use other accumulated property or income to pay the support obligation, or he may move to amend his support obligation.[1] Additionally, the parties could have agreed to a post-retirement spousal support amount in their stipulation, or agreed that income from David

Laude's pension could not be used in determining the post-retirement spousal support award. They did not. Instead, the parties explicitly agreed the trial court could decide whether to award spousal support. Therefore, the trial court did not err by awarding post-retirement spousal support.

[¶ 10] David also argues the trial court clearly erred in awarding Constance Laude $800 per month in pre-retirement spousal support. David Laude argues that amount is excessive considering the parties' property distribution and Constance Laude's income potential.

[¶ 11] A trial court's determination on spousal support is a finding of fact that will not be set aside unless clearly erroneous. *Fleck v. Fleck*, 427 N.W.2d 355, 357 (N.D.1988). "Under this standard, we reverse only if there is no evidence to support a finding or if, upon a review of the entire evidence, we are left with a definite and firm conviction the trial court has made a mistake." *Fenske v. Fenske*, 542 N.W.2d 98, 102 (N.D.1996).

[¶ 12] In deciding spousal support, the trial court must consider the *Ruff–Fischer* guidelines. *Lill v. Lill*, 520 N.W.2d 855, 856 (N.D.1994). Under those guidelines, the trial court reviews:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated

---

1. To modify spousal support, a material change in circumstances must exist to justify the modification. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 24, 567 N.W.2d 206. The party seeking the modification bears the burden of showing a material change in circumstances warranting a spousal support modification. *Wheeler v. Wheeler*, 548 N.W.2d 27, 30 (N.D. 1996).

before or after the marriage, and such other matters as may be material.

*Id.*, at 856.

[¶ 13] The trial court has discretion, after hearing the testimony and applying the *Ruff–Fischer* guidelines, *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952) and *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966), to award spousal support. *Emter v. Emter*, 1999 ND 102, ¶ 12, 595 N.W.2d 16. In awarding spousal support, the trial court should consider the disadvantaged spouse's income and needs, and the supporting spouse's ability to pay. *Gronland v. Gronland*, 527 N.W.2d 250, 253 (N.D.1995). David Laude contends Constance Laude could work full time, invest the marital home sale proceeds and have an income nearly equal to his, minus the debt owed to his mother. Based on the evidence presented by Constance Laude, the trial court found David Laude substantially out-earns her and the physical disabilities she suffered during a 1993 automobile accident adversely affect her ability to work full time.

[¶ 14] David Laude also argues the trial court did not properly consider the parties' property distribution when awarding the spousal support. Marital property distribution is a consideration when setting the amount of spousal support. *Schmaltz v. Schmaltz*, 1998 ND 212, ¶ 17, 586 N.W.2d 852; *Roen v. Roen*, 438 N.W.2d 170, 172 (N.D.1989) (considering retirement savings or pensions). The trial court did consider the parties' property distribution when it determined the spousal support award. The trial court found:

13. By stipulation, [Constance] received the net proceeds from the sale of the parties' home of $83,000.00. David received his pension from the Post Office valued at $41,811.77, at the time of trial. [Constance] received the lion's share of the assets by stipulation and David received the only real debt remaining of the marriage ... that being a loan of approximately $24,000 from David's mother.

\* \* \* \* \* \*

15. Based on the foregoing facts, applying the *Ruff–Fischer* guidelines, [Constance] is entitled to permanent alimony of $800 per month, which shall terminate upon her death or remarriage.

[¶ 15] After reviewing the entire record, we determine the $800 per month spousal support determination is supported by the evidence and therefore not clearly erroneous.

[¶ 16] The trial court's judgment and amended judgment are affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., BURT L. RISKEDAHL, D.J., concur.

[¶ 18] BURT L. RISKEDAHL, D.J., sitting in place of MARING, J., disqualified.

