2004 ND 195

**John Campbell STALEY, Plaintiff and Appellee**

v.

**Melinda Jane STALEY, Defendant and Appellant.**

No. 20040047.

Supreme Court of North Dakota.

Oct. 20, 2004.

Richard W. Olson (on brief), Fisher & Olson, Ltd., Grand Forks, ND, for plaintiff and appellee.

John A. Thelen (on brief), Spaeth, Thelen & Jasmer, Grand Forks, ND, for defendant and appellant.

KAPSNER, Justice.

[¶1] Melinda Staley appeals from a district court divorce judgment awarding her $900 per month in spousal support for two years. Melinda Staley argues the district court did not properly apply the *Ruff–Fischer* guidelines and her award should have been larger and permanent. We affirm the district court's judgment.

### I.

[¶2] The parties married in 1970 and have two adult daughters. John Staley filed for divorce in September 2002, citing irreconcilable differences. He continues to live in Grand Forks. Melinda Staley moved to Minneapolis to live with the cou-

ple's older daughter after the marital home was sold in March 2003.

[¶ 3] Melinda Staley was 52 years old and John Staley 54 at the time of trial. Both had received bachelor's degrees, and he had earned a master's degree. She started working towards a master's degree but never finished. John Staley was employed by the Grand Forks Park District as the Director of Parks and Recreation and earned $75,000 annually. Melinda Staley was unemployed and seeking employment in Minneapolis. John Staley worked throughout the marriage, while Melinda Staley stayed home with their daughters until she completed her degree in 1984, at which time she began working outside the home. She was employed almost continuously until January 2003, holding numerous jobs in sales, marketing, and insurance. Melinda Staley's highest salary was $37,000 annually. She is licensed to sell several types of insurance and securities and hopes to find a job in the Minneapolis area where she expects to earn $30,000 to $35,000 annually.

[¶ 4] Both parties admit to rocky times during their marriage. They disagreed on methods of disciplining the children. Their younger daughter struggles with attention deficit disorder, a condition the parties approached differently. John Staley formed a close relationship with another woman in January 2002. He asserts this was merely a friendship, and the woman a confidant, but Melinda Staley suspected infidelity and the marital relationship was further strained.

[¶ 5] Melinda Staley has suffered from type 1 diabetes since 1972. She is on insulin and must monitor her blood levels, diet, and exercise. Her supplies, medication, and clinic visits cost approximately $125 monthly. Both parties are otherwise in good health.

[¶ 6] The marital property was divided by the parties' agreement. Melinda Staley received net property worth $131,462.48, and John Staley received net property worth $131,378. John Staley was ordered to pay monthly spousal support of $1,350 while the case was pending. Melinda Staley requested permanent support of $2,000 per month, but the district court awarded rehabilitative support of $900 per month for two years. Melinda Staley appealed.

## II.

[¶ 7] A district court's spousal support award will not be set aside unless it is clearly erroneous. *Sommer v. Sommer*, 2001 ND 191, ¶ 8, 636 N.W.2d 423. A spousal support award is clearly erroneous when the award is induced by an erroneous view of the law, there is no evidence to support it, or this Court is convinced, based on the entire record, a mistake has been made. *Id.* Absent a finding the award was clearly erroneous, this Court will not overturn a district court merely because it would have viewed the evidence differently. *Wahlberg v. Wahlberg*, 479 N.W.2d 143, 144 (N.D.1992). "[T]he complaining party bears the burden of demonstrating on appeal a finding of fact is clearly erroneous." *Nelson v. Nelson*, 1998 ND 176, ¶ 9, 584 N.W.2d 527.

[¶ 8] A spousal support award should be made after consideration of the *Ruff–Fischer* guidelines. *Sommer*, 2001 ND 191, ¶ 9, 636 N.W.2d 423; *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966). The factors to be considered include:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their

financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Sommer*, at ¶ 9 (quoting *Riehl v. Riehl*, 1999 ND 107, ¶ 8, 595 N.W.2d 10). The trial court is not required to make specific findings on each factor, but its decision should be rationally based. *Sommer*, at ¶ 9.

[¶ 9] The district court in this case noted: the parties were close in age; John Staley's earning ability was greater than Melinda Staley's; he had earned more throughout the marriage, and would likely continue to earn $30,000–$40,000 more annually even once she found employment; the parties had been married for 33 years, and many problems arose during that time, with disagreements focused on communication and parenting issues; both parties appeared to have some fault; and Melinda Staley suspected John Staley engaged in an extramarital affair, but their marriage had already broken down and John Staley maintains the relationship was merely a friendship.

[¶ 10] The district court further found: the parties' station in life was very similar because they had similar time until reaching retirement age, both were college educated, and both had significant work experience and "are capable of earning significant income through employment;" Melinda Staley was living rent-free with her daughter at the time of trial, and John Staley was renting a home from his mother that he planned to purchase once the divorce was final; both had "inflated" living expenses and debt obligations left over from the marriage; and all property and indebtedness was acquired during the marriage.

[¶ 11] The district court found both parties to be in good health, with the exception of Melinda Staley's diabetes. The court found Melinda Staley had her diabetes "well controlled," and the condition did not affect her ability to work.

[¶ 12] The district court, upon consideration of all these facts, concluded:

Melinda is economically disadvantaged by this divorce. She does not currently have the earning ability that John has. This Court has determined that Melinda does have the ability to earn at least $37,000 annually and John currently earns $77,700 per year, including his transportation payment of $225.00 per month. This Court estimates Melinda's net income from employment earning $37,000 per year to be approximately $2400 per month and John's net income from employment earning $77,700 per year to be approximately $4500. John's necessary expenses per month including debt payments is approximately $3500 and Melinda's necessary expenses per month including debt payments and housing expense is approximately $3300. Melinda will need, until her income increases, $900.00 per month to meet her expenses. John does have the ability to pay $900.00 per month in spousal support.

Permanent spousal support is not warranted under the circumstances of this case. Melinda has the ability to work and has the education and work experience to obtain employment that pays a substantial salary or wage. She is [sic] does not need to acquire an education or work skills, but does need maintenance payments to allow her time and resources to obtain employment and further increase her earning capacity through time on the job. These circumstances support an award of rehabilitative spousal support.

.

### A

[¶ 13] Melinda Staley alleges the district court failed to adequately consider the length of the marriage. "In a long-term marriage it is important to consider '[c]ontinuing a standard of living . . . [or] balancing the burdens created by the separation when it is impossible to maintain two households at the predivorce standard of living.'" *Riehl*, 1999 ND 107, ¶ 13, 595 N.W.2d 10 (quoting *Gronland v. Gronland*, 527 N.W.2d 250, 253 (N.D.1995)). The trial court acknowledged the parties' 33–year marriage, and considered it in conjunction with the many other factors when making its award. Rehabilitative support has been awarded in other long-term marriages. *See, e.g., Sommers v. Sommers*, 2003 ND 77, 660 N.W.2d 586 (rehabilitative support award after 23–year marriage not clearly erroneous); *Walker v. Walker*, 2002 ND 187, 653 N.W.2d 722 (rehabilitative support award after 26–year marriage not clearly erroneous); *Wahlberg*, 479 N.W.2d 143 (rehabilitative support award after more than 20 years of marriage not clearly erroneous).

### B

[¶ 14] Melinda Staley also alleges her support award should have been larger and permanent because 82% of her property award was John Staley's retirement account, and therefore not accessible as income. She contends this Court's decision in *Wahlberg* entitles her to a larger support award. 479 N.W.2d 143. The Wahlbergs divorced after over 20 years of marriage. *Id.* at 143. The district court awarded a "roughly equal division of the marital property." *Id.* at 144. The facts recited in *Wahlberg* do not discuss the income-producing capacity of the property. The wife was awarded rehabilitative support for five years. *Id.* "The trial court may consider the disparate earning capacity of the parties, and should make a sup-

port determination consonant with the property distribution as the illiquidity or the lack of income producing capacity of property may work a disadvantage to one spouse." *Id.* at 145 (citations omitted). The district court's "roughly equal" property division and award of rehabilitative support were affirmed. *Id.*

[¶ 15] The district court in this case did not make specific findings on the income-producing potential of Melinda Staley's property award. However, it is clear from the record and the court's findings that the property distribution was equal. John Staley's retirement account was divided evenly between the parties, so his property award also consists in large part of his retirement account. Both parties received property with little income-producing potential.

### III.

[¶ 16] The district court's decision to make Melinda Staley's spousal support award rehabilitative instead of permanent was not clearly erroneous. "Permanent support is appropriate when the economically disadvantaged spouse cannot be equitably rehabilitated to make up for the opportunities and development she lost during the course of the marriage." *Riehl*, 1999 ND 107, ¶ 11, 595 N.W.2d 10 (citing *Kautzman v. Kautzman*, 1998 ND 192, ¶ 19, 585 N.W.2d 561). "Rehabilitative spousal support . . . is appropriate when it is possible to restore an economically disadvantaged spouse to independent economic status, or to equalize the burden of divorce by increasing the disadvantaged spouse's earning capacity." *Riehl*, at ¶ 12 (citing *Heley v. Heley*, 506 N.W.2d 715, 719–20 (N.D.1993) and *Wahlberg*, 479 N.W.2d at 145). North Dakota has chosen the "equitable" approach to awarding rehabilitative support, which defines the goal of such support as "attempt[ing] to provide education, training, or experience that will enable the recipient

to achieve 'adequate' or 'appropriate' self-support while improving her employment skills." *Riehl*, at ¶ 12 (quoting *Gierke v. Gierke*, 1998 ND 100, ¶ 22, 578 N.W.2d 522). The district court concluded Melinda Staley's monthly expenses would be about $3300 and her monthly income would be $2400. The court found Melinda Staley would need monthly support of $900 to meet her expenses until she was able to increase her income. The court also found her education and skills would allow her to realize an income increase, thereby negating the need for permanent support.

[¶ 17] "Although 'the trial court would not have erred in awarding permanent spousal support ...' we conclude the award was not clearly erroneous." *Reineke v. Reineke*, 2003 ND 167, ¶ 22, 670 N.W.2d 841 (citations omitted). The district court considered the appropriate factors based upon the evidence, and we are not convinced a mistake has been made. The district court retains jurisdiction to modify the award pursuant to N.D.C.C. § 14–05–24.1, should subsequent events justify modification. *Sommers*, 2003 ND 77, ¶ 18, 660 N.W.2d 586.

IV.

[¶ 18] While another fact-finder may have viewed the facts differently, the district court's decision is not clearly erroneous. *Wahlberg*, 479 N.W.2d at 144. We affirm.

[¶ 19] GERALD W. VANDE WALLE, C.J., RONALD E. GOODMAN, D.J., DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.

[¶ 20] The Honorable RONALD E. GOODMAN, D.J., sitting in place of MARING, J., disqualified.