2007 ND 33

James Steven **WAGNER**, Plaintiff, Appellee and Cross–Appellant,

v.

Marilee Gay **WAGNER**, Defendant, Appellant and Cross–Appellee.

No. 20060124.

Supreme Court of North Dakota.

March 2, 2007.

Maureen Holman, Serkland Law Firm, Fargo, N.D., for plaintiff, appellee, and cross-appellant.

James R. Brothers, Wold Johnson, P.C., Fargo, N.D., for defendant, appellant and cross-appellee.

CROTHERS, Justice.

[¶ 1] Marilee Wagner appeals and James Wagner cross-appeals from a divorce judgment dividing their marital estate and awarding Marilee Wagner spousal support. We conclude the district court's award of rehabilitative spousal support to Marilee Wagner is not clearly erroneous. We affirm the judgment and dismiss the cross-appeal.

I

[¶ 2] Marilee and James Wagner were married in 1979 and have four children together. James Wagner sued Marilee Wagner for divorce in February 2005. At the time of the trial, only the parties' two youngest children were minors. Marilee Wagner has a bachelor's degree and completed five years of a Ph.D. psychology program after the parties were married, but she discontinued her education to start a family. Marilee Wagner was 48 years old at the time of trial and had not been employed outside the home since the parties' first child was born. James Wagner attended medical school after the parties were married and obtained a medical degree. James Wagner was 48 years old at the time of trial and was a vascular surgeon, earning between $200,000 to $340,000 per year.

[¶ 3] After a trial, the district court granted the parties a divorce, distributed the parties' marital estate, granted Marilee Wagner custody of the parties' two minor children, awarded Marilee Wagner child support, and awarded Marilee Wagner rehabilitative spousal support. Marilee

Wagner received a net property award of $765,057.50, which included the marital residence worth $310,000, financial assets including $132,255 in a money market account and $30,000 in bonds, $279,085 in a retirement account, vehicles, and household goods. James Wagner received a net property award of $566,870.50, which included $78,880 in business assets, $188,339.50 in financial assets, $279,085 in a retirement account, vehicles, and household goods. There was evidence Marilee Wagner took approximately $200,000 from the parties' money market account in the months before the trial. The court found she was unable to account for some of the missing money, and awarded her any of the missing funds she had in her possession. The court found Marilee Wagner is a disadvantaged spouse and awarded her $5,000 per month in rehabilitative spousal support for five years. The court ordered James Wagner to pay $3,543 per month in child support.

II

[¶ 4] Marilee Wagner argues the district court's spousal support decision is clearly erroneous. She claims she will not be able to adequately rehabilitate herself within five years considering the disparity in the parties' incomes, the duration of the marriage, her station in life, and the standard of living she became accustomed to during the marriage. She argues she should have been awarded permanent spousal support.

[¶ 5] A spousal support determination is a finding of fact which will not be reversed on appeal unless it is clearly erroneous. *Staley v. Staley*, 2004 ND 195, ¶ 7, 688 N.W.2d 182. A finding of fact is clearly erroneous "when the award is induced by an erroneous view of the law,

there is no evidence to support it, or this Court is convinced, based on the entire record, a mistake has been made." *Id.* Absent a finding that the spousal support award is clearly erroneous, we will not reverse a district court's award merely because we may have viewed the evidence differently. *Id.*

[¶ 6] In making a spousal support determination, a district court must consider the *Ruff–Fischer* guidelines for both the amount and the duration of the support. *Staley,* 2004 ND 195, ¶ 8, 688 N.W.2d 182. The factors include:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Id.* The district court is not required to make specific findings on each factor, but we must be able to understand the rationale for the court's decision. *Id.* The district court is no longer required to make a separate finding that a spouse is "disadvantaged." *Sack v. Sack,* 2006 ND 57, ¶ 11, 711 N.W.2d 157.

[¶ 7] The district court considered the *Ruff–Fischer* guidelines and made findings about the relevant factors:

> 13. [James Wagner] is a medical doctor practicing in the area of vascular surgery.
> 14. [Marilee Wagner] has a college degree earned in 1979 from Concordia College in biology and psychology. Following her graduation from Concordia College she pursued a PhD in psychology from the University of Minnesota for

more than 5 years but did not complete the program. She has not worked outside of the home since the birth of the parties' first child.

> 15. Marilee is intelligent, articulate and in apparent good health. She has not sought employment since the parties separated. She is capable of employment and is capable of further education which will enable her to achieve adequate or appropriate self-support.
> 16. Marilee presented no plan for rehabilitation and has requested that she receive half of whatever James earns, for life.
> 17. Marilee's estimate of her monthly expenses greatly exceeds the expenses of the parties prior to separation and does not accurately reflect the actual costs of the household which no longer includes a monthly mortgage payment, the same having been paid-in-full.
> 18. Marilee, during the course of the divorce, dissipated marital assets contrary to the restraining order provisions of the divorce summons and is unable to account for all of the money that she spent.
> 19. James' income has been trending downwards.

The court found Marilee Wagner disadvantaged by the marriage and in need of rehabilitative spousal support. The court awarded Marilee Wagner $5,000 per month in spousal support for five years, explaining:

> Marilee is Forty-nine (49) years of age, educated and in apparent good health. The spousal support and favorable property distribution is adequate for her to rehabilitate herself within 60 months from the date of this Order. The Court has considered her needs and the ability of James to pay. This is an equitable determination of spousal sup-

port and will enable Marilee to achieve adequate self support.

[¶ 8] Marilee Wagner claims the district court's support award is clearly erroneous because she should have been awarded permanent spousal support. Permanent spousal support is appropriate "when the economically disadvantaged spouse cannot be equitably rehabilitated to make up for the opportunities and development she lost during the course of the marriage." *Staley*, 2004 ND 195, ¶ 16, 688 N.W.2d 182. "[P]ermanent spousal support is awarded to provide traditional maintenance for a spouse incapable of adequate rehabilitation or self-support." *Greenwood v. Greenwood*, 1999 ND 126, ¶ 9, 596 N.W.2d 317. "Rehabilitative spousal support is awarded to equalize the burdens of divorce or to restore an economically disadvantaged spouse to independent status by providing a disadvantaged spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Id.* (citations omitted).

[¶ 9] The district court's findings adequately explained the rationale for its decision. Marilee Wagner is 49 years old, educated, and in good health. She testified her monthly living expenses were approximately $9,000 per month, but the district court found that amount greatly exceeded the expenses of the parties prior to separation, which James Wagner testified were $5,500 to $6,000 per month and did not accurately reflect the costs of the household, which no longer included a mortgage payment. "A relevant factor in setting the amount of support for a disadvantaged spouse is the distribution of marital property and the liquidity or income-producing nature of the property distributed to the disadvantaged spouse." *Schiff v. Schiff*, 2000 ND 113, ¶ 42, 611 N.W.2d 191. Marilee Wagner received a net property award of more than $765,000 which, despite her dissipation of the marital estate, was approximately $200,000 more than James Wagner was awarded. Marilee Wagner's property award included a house worth $310,000, approximately $130,000 from a money market account, $30,000 in bonds, and approximately $280,000 in a retirement account. Marilee Wagner was awarded a large portion of the marital estate, and the property she received can be used to generate income. Marilee Wagner testified she wanted a career. Considering Marilee Wagner's education, she has the ability to start a career and increase her income after further education or training. The court found the property distribution and rehabilitative spousal support would enable Marilee Wagner to rehabilitate herself and achieve adequate self support. The evidence supports the court's findings.

[¶ 10] Moreover, Marilee Wagner did not present any evidence that she cannot be rehabilitated. She testified she is capable of working and she would like a career, but she failed to present evidence of her plan to rehabilitate herself or what her future earnings could be. Based on the evidence presented, the court awarded rehabilitative spousal support finding Marilee Wagner could achieve adequate self support. We rarely reverse a district court's decision to award rehabilitative support and remand for the court to consider permanent support; we do so only when the evidence does not support the court's finding that the spouse could be adequately rehabilitated. *See Riehl v. Riehl*, 1999 ND 107, ¶¶ 14–17, 595 N.W.2d 10 (rehabilitative support reversed because property division and support did not address the burdens of the marriage); *Wald v. Wald*, 556 N.W.2d 291, 296–97 (N.D. 1996) (reverse to consider permanent support due to disparity in parties' earning

power, unlikely wife will greatly increase her earning ability, major income producing asset awarded to husband, and wife's serious ongoing health problems). Here, there is adequate evidence Marilee Wagner could be adequately rehabilitated.

[¶ 11] We conclude the district court's award of rehabilitative spousal support is not clearly erroneous under the facts in this case. The evidence supports the court's findings, and we are not convinced a mistake was made. We are also mindful the district court retains jurisdiction under N.D.C.C. § 14–05–24.1 to modify the award and make it permanent if there is a material change in circumstances. *See Staley*, 2004 ND 195, ¶ 17, 688 N.W.2d 182.

### III

[¶ 12] James Wagner cross-appeals from the district court's judgment arguing the property division should be reversed if the spousal support award is reversed because the spousal support and property division issues are so intertwined they must be decided together. James Wagner requested his cross-appeal be dismissed if the spousal support award is affirmed. Because we affirm the spousal support award, we dismiss James Wagner's cross-appeal.

### IV

[¶ 13] We affirm the judgment and dismiss the cross-appeal.

[¶ 14] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, J., concur.

[¶ 15] The Honorable BENNY A. GRAFF, S.J., sitting in place of SANDSTROM, J., disqualified.

MARING, Justice, dissenting.

[¶ 16] I respectfully dissent. I believe the failure of the trial court to award permanent spousal support is clearly erroneous. I am of the opinion Marilee Wagner should have received permanent spousal support in addition to rehabilitative spousal support, and I would reverse and remand to the trial court for an appropriate award of permanent spousal support.

### I

[¶ 17] The trial court properly awarded Marilee Wagner rehabilitative spousal support. Rehabilitative spousal support is appropriate for Marilee Wagner because her primary role during the marriage was that of a homemaker, and she has not been in the workforce for over twenty years. Therefore, she needs to pursue obtaining work skills and ultimately employment. Rehabilitative spousal support "is appropriate when it is possible to restore an economically disadvantaged spouse to independent economic status, or to equalize the burden of divorce by increasing the disadvantaged spouse's earning capacity." *Riehl v. Riehl*, 1999 ND 107, ¶ 12, 595 N.W.2d 10 (citations omitted). One approach to awarding spousal support is the minimalist doctrine, which is meant to educate and retrain the recipient to minimal self-sufficiency. *Van Klootwyk v. Van Klootwyk*, 1997 ND 88, ¶ 15, 563 N.W.2d 377. This Court has rejected the minimalist doctrine in favor of an equitable approach, which attempts "to enable the disadvantaged spouse to obtain 'adequate' self-support after considering the standard of living established during the marriage, the duration of the marriage, the parties' earning capacities, the value of the property and other *Ruff–Fischer* factors." *Id.*

[¶ 18] In *Riehl*, the husband argued that five years of rehabilitative spousal support was sufficient to adequately rehabilitate his wife because after five years, his wife would be educated, able to support

herself, and able to meet her needs. 1999 ND 107, ¶ 15, 563 N.W.2d 377. This Court rejected that argument and reversed and remanded to the trial court for consideration of a longer period of spousal support factoring in the wife's job-entry process, the parties' disparate earning capabilities and standard of living, and the husband's ability to pay. *Id.* at ¶ 20. In the present case, the trial court awarded Marilee Wagner rehabilitative spousal support of $5,000 a month for five years. This award of rehabilitative spousal support does not aim "to mitigate marital disadvantage caused by the impact at divorce of an economic role assumed during marriage." *Id.* at ¶ 15. There is no evidence to support the trial court's finding Marilee Wagner can "adequately" support herself in five years.

[¶ 19] In five years, Marilee Wagner will be fifty-four years old. She has received $132,255 in a money market account and $30,000 in bonds, but these will not yield significant interest income. Additionally, this Court has said that "a spouse is not required to deplete a property distribution in order to live." *Hagel v. Hagel,* 2006 ND 181, ¶ 14, 721 N.W.2d 1. Marilee Wagner's home is not an income-producing asset, and the only other assets awarded to her were part of a retirement account, vehicles, and household goods. During the next five years, James Wagner will continue to earn between $200,000 and $340,000 per year. Marilee Wagner has a psychology degree, which she obtained twenty-seven years ago. She will never earn more than a small fraction of what James Wagner earns as a vascular surgeon on a yearly basis. I believe the period of spousal support in this case does not adequately address the burdens of the divorce. *See Riehl,* at ¶ 17. The huge disparity in income between the parties makes rehabilitative spousal support alone inadequate in this case. The trial court in this case should consider whether, in addition to rehabilitative support, permanent spousal support is also necessary.

## II

[¶ 20] In *Hagel,* we explained: "Section 14–05–24.1, N.D.C.C., provides, 'taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time.'" 2006 ND 181, ¶ 11, 721 N.W.2d 1 (quoting *Ulsaker v. White,* 2006 ND 133, ¶ 20, 717 N.W.2d 567). Permanent spousal support "is generally appropriate when the disadvantaged spouse cannot be equitably rehabilitated to make up for the opportunities she lost in the course of the marriage." *Riehl,* 1999 ND 107, ¶ 18, 595 N.W.2d 10; *see Kautzman v. Kautzman,* 1998 ND 192, ¶¶ 19–20, 585 N.W.2d 561 (holding permanent spousal support was appropriate when the wife's earning capacity would never approach the husband's and the parties enjoyed a "very comfortable standard of living"); *Donarski v. Donarski,* 1998 ND 128, ¶ 8, 581 N.W.2d 130 (holding a wife's "limited marketable job skills" and the "substantial disparity in income between the parties" justified an award of permanent spousal support). "Even when the disadvantaged spouse is capable of rehabilitation we have recognized permanent spousal support may be appropriate to equitably share the overall reduction in the parties' separate standard of living." *Riehl,* at ¶ 18 (citing *Weir v. Weir,* 374 N.W.2d 858, 864 (N.D.1985) (holding permanent support was appropriate because the disadvantaged spouse was likely to have a much lower income-producing capacity than her spouse, which earning capacity she helped obtain)). I believe the trial court's failure to award Marilee Wagner permanent spousal support was clearly erroneous, because the facts of this case present a classic case for permanent spousal support.

[¶ 21]   A proper application of the *Ruff–Fischer* guidelines mandates permanent spousal support in this case. *Ruff–Fischer* factors include: the parties' ages, their earning abilities, the duration of the marriage, their stations in life, the circumstances and necessities of the parties, and their financial situations as shown by property ownership, its value at the time, and its income-producing capacity. *Staley v. Staley*, 2004 ND 195, ¶ 8, 688 N.W.2d 182. Marilee Wagner was forty-eight years old at the time of the divorce. The parties had been married for twenty-six years. Marilee Wagner had aspirations of becoming a medical doctor, but in deference to her husband's desire to become a medical doctor, she instead obtained a degree in psychology. Due to the parties' choice to start a family, Marilee Wagner was unable to complete her Ph.D. in psychology. Marilee Wagner stayed at home with the parties' children for over twenty years. It is highly unlikely Marilee Wagner will obtain employment that will close the huge disparity in earning capacity between her and James Wagner. Marilee Wagner's role at home during the marriage greatly contributed to James Wagner's successful career as a vascular surgeon. This career led to a high standard of living for the parties. Other than any employment Marilee Wagner obtains, the only income she will have will be minimal interest income from her liquid assets.

[¶ 22]   Permanent spousal support may be awarded where the marriage has been of long duration and the dependent spouse is of such an age that adequate rehabilitation is unlikely. *Sommer v. Sommer*, 2001 ND 191, ¶¶ 14–15, 636 N.W.2d 423 (holding permanent spousal support was appropriate because of the parties' long marriage, the wife's limited ability to work full time, and the vast disparity in income and earning potential between the parties). Adequate rehabilitation for Marilee Wagner, at forty-nine years old, is highly unlikely considering her age, that she has been out of the job market for over twenty years, and the specialized nature of her knowledge.

[¶ 23]   "[W]hen there is substantial disparity between the spouses' incomes that cannot be readily adjusted by property division or rehabilitative support, it may be appropriate for the court to award indefinite permanent support to maintain the disadvantaged spouse." *Fox v. Fox*, 1999 ND 68, ¶ 21, 592 N.W.2d 541. "Permanent spousal is ordered to maintain a somewhat comparable standard of living for a spouse who is incapable of adequate rehabilitation." *Kautzman*, 1998 ND 192, ¶ 19, 585 N.W.2d 561 (citations omitted). The large disparity in earning capabilities between the parties, Marilee Wagner's age, lack of work history, minimal income-producing assets, and past standard of living all mandate an award of permanent spousal support.

### III

[¶ 24]   As we explained in *Van Klootwyk*, any person who attempts to begin a career at Marilee Wagner's stage in life, after deferring meaningful work and education for over twenty years "in order to support her husband's pursuit of his own career, a career the fruits of which she will no longer share, is presumptively disadvantaged by her divorce." *See Van Klootwyk*, 1997 ND 88, ¶ 26, 563 N.W.2d 377 (Neumann, J., concurring specially). I would reverse and remand for the trial court to set an appropriate award of permanent spousal support based on the *Ruff–Fischer* guidelines.

[¶ 25] BENNY A. GRAFF, S.J., concurs.