2007 ND 196

**Timothy CHRISTIAN, Plaintiff and Appellant**

v.

**Diane CHRISTIAN, Defendant and Appellee.**

**No. 20070053.**

Supreme Court of North Dakota.

Dec. 13, 2007.

David R. Bliss, David R. Bliss, P.C., Bismarck, N.D., for plaintiff and appellant.

Sherry Mills Moore, Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1]   Timothy Christian appeals from a judgment granting him a divorce from Diane Christian, distributing the marital property in accordance with their settlement agreement, awarding Diane Christian $1,200 per month in permanent spousal support, and awarding her $5,000 in attorney fees.  Timothy Christian also appeals from an order denying his motion to amend and make additional findings, his motion for a new trial, and his motion for relief from the judgment.  We conclude the district court's award of spousal support is not clearly erroneous and the court did not abuse its discretion in awarding Diane Christian her attorney fees or in denying Timothy Christian's post-trial motions.  We affirm.

I

[¶ 2]   The parties were married in 1984. Timothy Christian had attended aviation school at the University of North Dakota but did not graduate.  He met Diane Christian while working as a pilot with a cloud seeding service in Bowman.  Diane Christian had attended one semester of college, but quit school to farm with her father and was working as a waitress in Bowman at the time.  After they married, the parties lived in numerous locations in the United States and abroad while Timothy Christian worked as a pilot.  Diane Christian was not employed during the early part of the marriage because of the brief durations of their residencies in the various localities.  When Timothy Christian obtained his commercial pilot license, Diane Christian began working as a waitress and bartender.  The parties' daughter

was born in 1992 while they were living in Alaska. Diane Christian quit working, and she and the child moved back to North Dakota, where they lived with her mother while Timothy Christian attempted to find employment closer to the family. The parties eventually bought a home in Glen Ullin, which allowed Timothy Christian to commute to his employment as a commercial airline pilot. As the parties agreed, Diane Christian remained unemployed to devote her time to caring for the child.

[¶ 3] After the parties separated in August 2004, Timothy Christian moved to a Chicago, Illinois, suburb. He currently works as a commercial airline pilot for American Airlines. Diane Christian stayed in Glen Ullin with the child and began working at a nursing home and as a teacher's aide at school. She eventually obtained full-time employment as an interactive television facilitator and special education aide at the school and helps care for a neighbor's disabled child. Timothy Christian brought this divorce action in April 2005. In October 2006, the parties entered into a settlement agreement resolving custody, child support, property division, and debt allocation. Under the agreement, she received custody of the child, and he was obligated to pay $1,071 per month in child support. Regarding the marital property, he received $684,822 of the parties' financial assets, and she received $10,000, the marital home, and real property located in southwestern North Dakota. He also agreed to transfer $246,000 from one of his investment accounts to her. The parties agreed that "this division of marital assets and debts is a just and equitable division of those assets and debts which were acquired during the marriage." The parties were unable to reach an agreement on spousal support. The district court adopted the settlement agreement and tried the issue of spousal support. Following a hearing, the district court ordered that Timothy Christian pay Diane Christian permanent spousal support of $1,200 per month and pay $5,000 of her attorney fees.

[¶ 4] After judgment was entered, Timothy Christian moved to amend and make additional findings, for a new trial, and for relief from the judgment. He alleged that Diane Christian failed to disclose that she had a remainder interest in her mother's real property and the value of that property exceeded $250,000. He also claimed the property that was disclosed in the settlement agreement and awarded to her was undervalued by more than $100,000. The district court denied the motions.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Although Timothy Christian has attempted to appeal from the nonappealable findings, conclusions, and order of the district court, because there is a subsequently entered consistent judgment, we consider the appeal to be from the subsequently entered consistent final judgment. *Dvorak v. Dvorak*, 2007 ND 79, ¶ 7, 732 N.W.2d 698. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Timothy Christian argues the district court committed reversible error in awarding Diane Christian $1,200 per month for permanent spousal support.

[¶ 7] Under N.D.C.C. § 14–05–24.1, a district court in a divorce case "may require one party to pay spousal support to the other party for any period of time." The decision whether to award spousal support is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 31, 729 N.W.2d 692. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no

evidence to support it, or if, after a review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Rothberg v. Rothberg*, 2007 ND 24, ¶ 7, 727 N.W.2d 771. We will not reverse a district court's spousal support award merely because we may have viewed the evidence differently. *Wagner v. Wagner*, 2007 ND 33, ¶ 5, 728 N.W.2d 318.

[¶ 8] In deciding whether to award spousal support, the district court must consider the relevant factors under the *Ruff–Fischer* guidelines. *Lorenz*, 2007 ND 49, ¶ 31, 729 N.W.2d 692. Factors to consider under the guidelines include:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Ingebretson v. Ingebretson*, 2005 ND 41, ¶ 7, 693 N.W.2d 1 (quoting *Staley v. Staley*, 2004 ND 195, ¶ 8, 688 N.W.2d 182). The district court is not required to make specific findings on each factor, but we must be able to understand the rationale for the court's decision. *Wagner*, 2007 ND 33, ¶ 6, 728 N.W.2d 318. A majority of the Court has held that a separate finding that a spouse is "disadvantaged" is not necessary to award spousal support. *Lorenz*, at ¶ 31.

[¶ 9] In *Wagner*, 2007 ND 33, ¶ 8, 728 N.W.2d 318, this Court said:

> Permanent spousal support is appropriate "when the economically disadvantaged spouse cannot be equitably rehabilitated to make up for the opportunities and development she lost during the course of the marriage." *Staley [v. Staley]*, 2004 ND 195, ¶ 16, 688 N.W.2d 182. "[P]ermanent spousal support is awarded to provide traditional maintenance for a spouse incapable of adequate rehabilitation or self-support." *Greenwood v. Greenwood*, 1999 ND 126, ¶ 9, 596 N.W.2d 317. "Rehabilitative spousal support is awarded to equalize the burdens of divorce or to restore an economically disadvantaged spouse to independent status by providing a disadvantaged spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Id.* (citations omitted).

[¶ 10] In awarding Diane Christian $1,200 per month for permanent spousal support, the district court considered and made findings on the *Ruff–Fischer* factors. At the time of trial, Timothy Christian was 47 years old, and Diane Christian was 48 years old. Timothy Christian earned approximately $107,000 per year, and Diane Christian earned approximately $25,000 per year. The court found Diane Christian's earning ability was limited by her age, her lack of education, her health problems, which limited her ability to do strenuous work, her long absence from the work force, her "reasonabl[e]" wish to remain in Glen Ullin until their child graduates from high school, and her lack of income if she were to pursue further education or training. The court considered their long-term marriage of more than 20 years. The court noted the parties' decision to enhance Timothy Christian's earning ability required frequent moves and prevented Diane Christian from maintaining significant employment or pursuing educational opportunities during the marriage. The court noted she has an enlarged heart that causes blood clots and requires regular medical care and medication. The court found that she would

never approach his income-producing ability even if she returned to school. Considering the terms of the marital property settlement, the court found Timothy Christian also had the financial ability to pay her $1,200 per month in permanent spousal support while still maintaining his standard of living in the Chicago area. The court noted that the parties' incomes would be comparable, but after the child support obligation terminated, his income would be approximately twice as much as hers. We cannot say the district court's findings on any of the *Ruff–Fischer* factors are clearly erroneous.

[¶ 11] Timothy Christian argues the district court inappropriately attempted to equalize the incomes between the parties "when it should have adjusted the property division or awarded rehabilitative spousal support." Although equalization of income between divorcing spouses is not a goal or measure of spousal support, it is a factor that can be considered. *E.g., Christianson v. Christianson*, 2003 ND 186, ¶ 20, 671 N.W.2d 801; *Sommers v. Sommers*, 2003 ND 77, ¶ 17, 660 N.W.2d 586. However, equalization of income is not the basis of the district court's decision in this case. There is evidence in the record that, including the $1,200 per month in spousal support, Diane Christian and the child will have a monthly cash flow of $3,688 while Timothy Christian will have a monthly cash flow of $4,190. After the child graduates from high school and the child support obligation terminates, she will have a monthly cash flow of $2,617, and he will have a monthly cash flow of $5,261. This scenario does not result in an equalization of incomes.

[¶ 12] Timothy Christian argues permanent spousal support may be appropriate "only" in those cases in which a substantial disparity between spouses' incomes cannot be readily adjusted by property division or rehabilitative support.

[¶ 13] Each spousal support determination is fact specific. *See Donlin v. Donlin*, 2007 ND 5, ¶ 16, 725 N.W.2d 905. The parties in this case reached an agreement on distribution of their marital property, which was adopted by the district court, and left the issue of spousal support for the court's determination. This Court has said, "to the extent that competent parties have voluntarily stipulated to a particular disposition of their marital property, a court ordinarily should not decree a distribution of property that is inconsistent with the parties' contract." *Wolfe v. Wolfe*, 391 N.W.2d 617, 619 (N.D.1986); *see also Laude v. Laude*, 1999 ND 203, ¶ 7, 600 N.W.2d 848. Indeed, when the parties to a divorce have reached an agreement on all matters pertaining to division of their property, there is no reason for the district court to hear evidence of the value of marital property. *Fleck v. Fleck*, 337 N.W.2d 786, 791 (N.D.1983). Under Timothy Christian's interpretation of spousal support principles, it would be impossible for parties to agree to a marital property division and leave the issue of spousal support for the district court's determination. This is not the law. *See, e.g., Laude*, at ¶¶ 4, 5, 15, 16 (affirming permanent spousal support award after parties had stipulated to division of marital property).

[¶ 14] The district court considered the appropriate factors in making its spousal support determination. We conclude the court's decision to award Diane Christian $1,200 per month in permanent spousal support is not clearly erroneous.

III

[¶ 15] Timothy Christian argues the district court erred in ordering him to pay $5,000 of Diane Christian's attorney fees.

[¶ 16] Under N.D.C.C. § 14–05–23, a district court in divorce proceedings has discretion to award attorney fees based on one spouse's need and the other's ability to pay, and the court's decision on the matter will not be reversed on appeal unless the court abused its discretion. *Jelsing v. Peterson*, 2007 ND 41, ¶ 22, 729 N.W.2d 157. A district court abuses its discretion if it misinterprets or misapplies the law. *Bertsch v. Bertsch*, 2006 ND 31, ¶ 8, 710 N.W.2d 113. The framework for considering an award of attorney fees under N.D.C.C. § 14–05–23 is summarized in *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348 (citations omitted):

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs.

[¶ 17] Timothy Christian argues the district court erred in awarding Diane Christian attorney fees because the reasons given by the court were insufficient to support an award. In awarding attorney fees, the district court stated:

> Tim will pay $5,000 of Diane's attorney's fees because he initiated the divorce. Other than a statement by Tim at the trial, the Court finds no evidence of delay by Diane, nor that her demand for spousal support was unreasonable and prevented agreement by the parties on any issue other than the issue of spousal support itself. Tim will make the payment of attorney's fees directly to Diane's counsel within ninety days of the entry of judgment, unless otherwise agreed.

[¶ 18] Although the district court mentioned only that Timothy Christian initiated the divorce action and Diane Christian did not unreasonably delay the proceedings, these comments are contained in a single paragraph at the end of a seven-page opinion. The remainder of the court's decision contains numerous findings relating to the disparity in the parties' earning capacities, Timothy Christian's ability to pay, and Diane Christian's needs and lessened ability to pay. The district court's failure to restate these findings in its paragraph addressing attorney fees does not render the attorney fee ruling an abuse of discretion.

[¶ 19] Timothy Christian also argues there is no support in the record for the award of attorney fees, because Diane Christian failed to accompany her request with an affidavit documenting the work performed. Relying on *Gibb v. Sepe*, 2004 ND 227, 690 N.W.2d 230, and *Jorgenson v. Ratajczak*, 1999 ND 65, 592 N.W.2d 527, he asserts Diane Christian was required to submit an affidavit stating the work performed by her attorney. However, during the trial, Diane Christian testified her attorney fees for the divorce were between $5,000 and $6,000. She also submitted, without objection, a detailed "Billing Report" from her attorney. Submission of an affidavit to support an award of attorney fees is unnecessary when the award is supported by testimony and other documentary evidence received in an evidentiary hearing. *See, e.g., Jorgenson*, at ¶ 26 (remanding decision on reasonable amount of attorney fees on appeal to the district court to decide "after considering affidavits from both parties, or after an evidentiary hearing"). The record supports the amount of fees in this case.

[¶ 20] We conclude the district court did not abuse its discretion in awarding

Diane Christian $5,000 of her attorney fees.

## IV

[¶ 21] Timothy Christian argues the district court erred in denying his motions to amend and make additional findings, for a new trial, and for relief from the judgment, because Diane Christian failed to disclose that she had a remainder interest in her mother's property, which he claimed had a value of more than $250,000, and because property that was disclosed in the agreement was undervalued by more than $100,000. A district court's decision on a motion to amend or make additional findings under N.D.R.Civ.P. 52(b), on a motion for new trial under N.D.R.Civ.P. 59, and on a motion for relief from the judgment under N.D.R.Civ.P. 60(b), will not be reversed on appeal unless the court abused its discretion. *See Kuperus v. Willson*, 2006 ND 12, ¶ 8, 709 N.W.2d 726; *Korynta v. Korynta*, 2006 ND 17, ¶ 21, 708 N.W.2d 895.

[¶ 22] The record reflects that Diane Christian's mother, Agnes Kralicek, was 89 years old and had been living at the Marion Manor in Glen Ullin since March 2004. During the summer of 2004, Kralicek, her attorney, and Timothy and Diane Christian met at Marion Manor, and Kralicek's attorney advised Kralicek to "turn her land over to [Diane Christian] and reserve a life estate." Kralicek had a will in which she wanted the land split between Diane Christian and Kralicek's deceased son's children. Kralicek's attorney advised, and Kralicek and Diane Christian agreed, that when Kralicek died, Diane Christian would give one-half of the land to Kralicek's deceased son's children. The attorney further advised that once the land was transferred, Kralicek's will would not be binding with respect to the property. Timothy Christian was present during this discussion. Kralicek's attorney prepared the deeds that transferred a remainder inter-

est in the land to Diane Christian. This property was not addressed in the parties' property settlement agreement.

[¶ 23] The record further reflects that in April 2005, Timothy Christian's attorney wrote to Diane Christian's attorney, stating he needed a valuation of the farmland that was included in the parties' property settlement agreement. Diane Christian's attorney responded with a description of the property. Timothy Christian's attorney's office contacted the Bowman County and Morton County treasurers for the value of the farmland, and the valuations given by the treasurers were used in the property settlement agreement. After the district court issued its decision on spousal support, Timothy Christian had a "desktop analysis" of the property performed by an appraiser. The appraiser found the fair market value of Kralicek's property to be "$238,000–$255,000." The appraiser found the fair market value of the property disclosed in the property settlement agreement to be "$160,000 to $175,000," about $100,000 more than the amount Timothy Christian had placed in the agreement.

[¶ 24] In an affidavit in support of his post-trial motions, Timothy Christian stated:

> 3. I have asked the Court to vacate our property stipulation and try our property issues on their merits. Our property settlement agreement made no mention of Diane's interest in her mother's Bowman County farmland which could be worth $255,000. Diane failed to disclose that property to me when we negotiated our stipulation, and I did not recall that she had any such property until after judgment, when I promptly notified my attorney of her land interest. I feel that the Court should distribute that land of Diane's equitably, just as I tried to do

in good faith with the rest of our property. I also found out, after our hearing, that Diane said that her Bowman County property that she did disclose to me and the Court was worth approximately $100,000.00 more than what she disclosed to me in our stipulation. I feel that the Court should consider this fair market value for her land when the Court looks to distribute our property.

4. I feel that the Court should reconsider its spousal support award to Diane in light of the information that we have just discovered about Diane's interest in her mother's farmland in Bowman County. Her possession of that land makes a huge difference in what her income and potential income will be.

. . . .

6. After the divorce proceedings, I recalled that there was something to do with Diane's mother's land but I did not know the facts or implications until I called the Bowman's [sic] County Recorder's Office and inquired about her mother's property. When I saw in the paperwork that Diane was named as the heir to her mother's land, I called my attorney immediately to find out what this meant. Diane owns this property except for her mother's life estate but she did not disclose this information to me or to the Court, and I feel that this was wrong. I would have certainly mentioned this earlier in the proceedings if I had remembered it.

[¶ 25] In denying the post-trial motions, the district court said:

I don't believe that there is any evidence of fraudulent concealment or any intentional failure to disclose or even for that matter, any unintentional failure to disclose, if there is such a thing. I believe that one of two things is the case— either that the plaintiff knew that the defendant had the interest in the property and that the defendant knew that the plaintiff knew that and therefore didn't feel any need to further discuss it in the context of the settlement agreement with the idea that the parties weren't necessarily going to fight over each piece of property or asset, but were going to make, in essence, a global agreement that was going to cover everything. The other, I guess, possibility is that defendant simply didn't think she had an interest that was part of the marital estate and I understand she probably wasn't applying a legal analysis like that but simply didn't believe she owned the property in such a way that it would be subject to an interest by the plaintiff. . . . Mr. Christian had every opportunity to discover that property if in fact he had forgotten about it.

[¶ 26] The district court did not abuse its discretion in denying Timothy Christian's motions. Although Timothy Christian alleged fraud in support of his N.D.R.Civ.P. 60(b) motion for relief from judgment, the district court's finding that Diane Christian did not commit actual or constructive fraud by withholding information about the property is not clearly erroneous. Timothy Christian was present during the discussions that resulted in the transfer of the property and knew Diane Christian had a remainder interest in her mother's property, but he simply did not "recall" her interest in the property until after the judgment was entered awarding Diane Christian spousal support. In an affidavit, Diane Christian stated, "I get no benefit from [the land]; all the income goes to [my mother]. I don't have any responsibility for it; she pays for all the taxes and costs." Diane Christian also stated her mother "is running out of mon-

ey" and "would like to sell some of the land to pay her bills at the nursing home." The divorce action was pending for 18 months before the settlement agreement was signed and 19 months ·before trial. Timothy Christian was also the person who provided the original values for the property that was included in the settlement agreement. Timothy Christian was in as good a position as Diane Christian to have the remainder interest included and the other property professionally assessed before the settlement agreement was signed. *See Clooten v. Clooten*, 520 N.W.2d 843, 848 (N.D.1994).

[¶ 27] Before a new trial may be granted on the ground of newly discovered evidence under N.D.R.Civ.P. 59(b)(4), two of the elements that must be shown are: (1) the evidence was discovered following trial; and (2) the movant must have exercised due diligence in discovering the evidence. *Alerus Financial, N.A. v. Lamb*, 2003 ND 158, ¶ 11, 670 N.W.2d 351. Timothy Christian forgot about Diane Christian's remainder interest in her mother's property, and he did not have the property that was disclosed in the settlement agreement appraised until after the agreement was signed and the trial on spousal support was completed.

[¶ 28] In *Perry v. Reinke*, 1997 ND 213, ¶¶ 26–27, 570 N.W.2d 224, this Court held the district court did not abuse its discretion in denying a motion for new trial on the basis of newly discovered evidence where the movant argued she forgot she had transferred nonprobate assets into an estate, remembered having done so after trial, and produced bank records proving she had made the transfer into the estate account before trial. This Court said, "Although the money reported in the bank records was at issue during the trial, their production after trial is not newly discovered evidence when they were easily discoverable by Reinke before the trial

commenced." *Id.* at ¶ 28. Here, Diane Christian's remainder interest and the appraised value of the disclosed property were certainly discoverable before trial, and do not qualify as newly discovered evidence. *See Porter v. Porter*, 274 N.W.2d 235, 240 (N.D.1979).

[¶ 29] Timothy Christian argues Diane Christian's undisclosed remainder interest and the increased value given by the appraiser to the other property awarded to her in the settlement agreement render the agreement unconscionable. In *Kramer v. Kramer*, 2006 ND 64, ¶ 7, 711 N.W.2d 164, we said:

District courts ·... should not blindly accept property settlement agreements. *Weber v. Weber*, 548 N.W.2d 781, 783 (N.D.1996). A district court's duty to make an equitable distribution of marital property under N.D.C.C. § 14–05–24 includes the authority to decide whether a settlement agreement was executed as a result of mistake, duress, menace, fraud, or undue influence under N.D.C.C. § 9–09–02(1). *Weber*, 548 N.W.2d at 783. A district court also may set aside a settlement agreement that is unconscionable. *Crawford v. Crawford*, 524 N.W.2d 833, 835–36 (N.D.1994). This Court has said "[u]nconscionability is a doctrine by which courts may deny enforcement of a contract 'because of procedural abuses arising out of the contract formation, or because of substantive abuses relating to the terms of the contract.'" *Weber*, 1999 ND 11, ¶ 11, 589 N.W.2d 358 (quoting *Black's Law Dictionary* 1524 (6th ed.1990)). In *Weber*, we said an unconscionable agreement is an ·"agreement no rational, undeluded person would make, and no honest and fair person would accept." *Weber*, 1999 ND 11, ¶ 15, 589 N.W.2d 358. *See also Crawford*, 524 N.W.2d at 836 (vacating judgment based on stipulation that was "blatantly one-sided" and "rankly unfair").

[¶ 30] In this case, the property settlement agreement cannot be considered unconscionable either when adopted by the district court or when Diane Christian's remainder interest and the new appraised property values are considered in the property distribution. The parties were represented by counsel throughout these proceedings, and negotiations over the settlement agreement spanned 18 months. Diane Christian presented evidence that the value of one-half of her remainder interest in the property under Internal Revenue Service rules, using property tax values Timothy Christian originally used in the settlement agreement, would be $43,290. Under Timothy Christian's appraised valuation of the property, one-half of her remainder interest would amount to $100,000. Diane Christian also argued that even if the full fee simple value of $250,000 were added and Timothy Christian earned six percent interest on his financial accounts from the time the values of those accounts were listed in the settlement agreement, she will have received 54 percent and he will have received 46 percent of the marital property. This does not rise to the level of unconscionability. *See generally Zander v. Zander*, 470 N.W.2d 603, 606 (N.D.1991) (new trial unnecessary where proffered evidence would not produce a different result).

[¶ 31] Timothy Christian also argues the district court erred in failing to make findings on the marital property values, because of the undisclosed remainder interest and the higher assessed value given to the disclosed property. He contends findings are required so the court can fulfill its statutory "mandate" to equitably distribute marital property, and because property division and spousal support must be considered together, *e.g., Donlin*, 2007 ND 5, ¶ 15, 725 N.W.2d 905, the court must also reexamine the spousal support award. The district court had no obligation to independently value the marital property apart from the values agreed upon by the parties in their valid settlement agreement. Timothy Christian's argument is in direct conflict with the law on marital property settlement agreements. *See, e.g., Wolfe*, 391 N.W.2d at 620; *Fleck*, 337 N.W.2d at 791–92.

[¶ 32] We conclude the district court did not abuse its discretion in denying Timothy Christian's post-trial motions.

V

[¶ 33] We have considered the other arguments presented and conclude they do not affect our decision. The judgment and order are affirmed.

[¶ 34] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.