2008 ND 211

**Erica SOLEM, Plaintiff, Appellee, and Cross–Appellant**

v.

**Scott SOLEM, Defendant, Appellant, and Cross–Appellee.**

**No. 20080091.**

Supreme Court of North Dakota.

Nov. 21, 2008.

Paul M. Probst, Probst Law Firm, Minot, ND, for plaintiff, appellee, and cross-appellant.

Jessica J. Wolf, Hazen, ND, for defendant, appellant, and cross-appellee.

KAPSNER, Justice.

[¶ 1] Scott Solem appeals from a divorce judgment awarding Erica Solem spousal support. Erica Solem cross-appeals from that judgment ordering both parties to pay their own attorney fees. We conclude the trial court's spousal support determination is not clearly erroneous, and the trial court did not abuse its discretion by ordering the parties to pay their own attorney fees. We affirm.

## I.

[¶ 2] The parties met in 1994. Scott Solem had obtained his juris doctorate in 1993 and, in 1994, he accepted a position with a law office in Beulah, North Dakota. Within two years of working at the law office, the two attorneys with whom Scott Solem worked retired, and Scott Solem bought them out. Erica Solem earned a bachelor's degree in 1996. The parties purchased a home together in Beulah in 1996 and married in 1998.

[¶ 3] Prior to 2000, Erica Solem had various jobs in Beulah. The parties had one child in 2000 and another in 2002. After the birth of their first child, Erica Solem did not continue to work full-time outside the home, but she did earn $207 per month by cleaning Scott Solem's law office.

[¶ 4] In March 2006, the parties separated and Erica Solem filed for divorce. Trial was held October 29–30, 2007. Following trial, the trial court awarded Scott Solem property valued at $254,384 and debts valued at $225,299. The trial court awarded Erica Solem property valued at $137,160 and debts totaling $48,703. The trial court indicated the property awarded to Scott Solem allows him to retain his greater earning capacity. The trial court noted at the time of trial, Erica Solem was not employed outside the home, but was watching her friends' children without charge. It also determined Erica Solem has the ability to earn income and has failed to contribute financially to the needs of the family. The trial court awarded Erica Solem $1,000 per month in rehabilitative spousal support, for ten years, or until she remarries or cohabitates. The trial court ordered both parties to pay their own attorney fees. Scott Solem appeals, and Erica Solem cross-appeals.

## II.

[¶ 5] Scott Solem asserts the trial court's award of spousal support to Erica Solem was clearly erroneous as to both amount and duration. A trial court's award of spousal support is a finding of fact which will not be set aside on appeal unless clearly erroneous. *Kautzman v. Kautzman*, 1998 ND 192, ¶ 19, 585 N.W.2d 561 (citing *Young v. Young*, 1998 ND 83, ¶ 7, 578 N.W.2d 111; *Zuger v. Zuger*, 1997 ND 97, ¶ 17, 563 N.W.2d 804). This Court has held: "A finding [of fact] is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a firm conviction a mistake has been made." *Weigel v. Weigel*, 2000 ND 16, ¶ 6, 604 N.W.2d 462 (quoting *Wilhelm v. Wilhelm*, 1998 ND 140, ¶ 11, 582 N.W.2d 6). "[W]e will not reverse the trial court merely be-

cause we may have viewed the evidence differently." *Wahlberg v. Wahlberg,* 479 N.W.2d 143, 144 (N.D.1992) (citing *State ex rel. Younger v. Bryant,* 465 N.W.2d 155, 158 (N.D.1991)).

## A.

█ [¶ 6] Section 14–05–24.1, N.D.C.C., provides in part: "Taking into consideration the circumstances of the parties, the [trial] court may require one party to pay spousal support to the other party for any period of time." In determining awards of spousal support, trial courts must apply the *Ruff–Fischer* guidelines:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Sack v. Sack,* 2006 ND 57, ¶ 11, 711 N.W.2d 157 (quoting *Staley v. Staley,* 2004 ND 195, ¶ 8, 688 N.W.2d 182); *see Fischer v. Fischer,* 139 N.W.2d 845, 852 (N.D. 1966); *Ruff v. Ruff,* 78 N.D. 775, 784, 52 N.W.2d 107, 111 (1952). In the present case, the trial court analyzed the *Ruff–Fischer* guidelines in its judgment. The trial court determined the ages of the parties was not significant. It determined Scott Solem has a greater earning ability than Erica Solem. It noted the parties marriage lasted about nine years. It indicated both parties will need to maintain homes in the future, and their needs are the same in this respect. The trial court found both parties to be physically healthy. The trial court indicated it awarded Scott

Solem more assets which will help him retain his greater earning capacity, but it awarded him less net equity. It also determined Erica Solem has the ability to earn income, but she has failed to contribute financially to her family's needs.

█ [¶ 7] The trial court did not specifically address the *Ruff–Fischer* factor, "conduct of the parties," in its analysis of spousal support. Scott Solem asserts the trial court erred by failing to address this factor. He does not suggest the parties' conduct should be the sole factor in determining spousal support; rather, he argues the district court must at least consider conduct of the parties, according to the *Ruff–Fischer* guidelines.

[¶ 8] This Court has held:

> While the conduct of the parties is a factor to be considered in ordering spousal support, it is but one factor and there is no requirement that the award be based on conduct alone. When an award of spousal support is rehabilitative, as it is here, its purpose is not to penalize but, rather, to provide the means by which a disadvantaged spouse may become self-supporting.

*Bader v. Bader,* 448 N.W.2d 187, 190 (N.D. 1989) (citations omitted). Additionally, this Court has held trial courts are "not required to make specific findings on each factor" of the *Ruff–Fischer* guidelines. *DeMers v. DeMers,* 2006 ND 142, ¶ 20, 717 N.W.2d 545 (quoting *Ingebretson v. Ingebretson,* 2005 ND 41, ¶ 7, 693 N.W.2d 1). Because we have held trial courts are not obligated to make specific findings on every *Ruff–Fischer* factor, it was not clearly erroneous for the trial court not to make a specific finding on the "conduct of the parties" factor.

## B.

█ [¶ 9] Scott Solem asserts the trial court did not have a basis for award-

ing spousal support for ten years. Further, he contends there is no basis for awarding spousal support for a time period longer than the length of the marriage. This Court has held "there must be some factual basis in the record for the length of time support is awarded." *Bader*, 448 N.W.2d at 190 (citing *Smith v. Smith*, 326 N.W.2d 697, 700 (N.D.1982)). While this Court requires a factual basis in the record for the length of time spousal support is awarded, it does not require a trial court to articulate why it awards spousal support for a specific length of time. *Id.* At trial, Erica Solem was questioned about her plans for future employment:

Q What have you done to try to find employment since the separation in March of 2006?

A I have been—I haven't gone out and sought a job because I've been able to stay home with my children.

Q Have you—so you haven't applied for any jobs?

A No.

Q Have you looked into the possibility of any jobs?

A I've looked into the possibility of a day care.

Q And what have you done along that lines, have you checked into licensing?

A No, I've been waiting to see what the outcome of the divorce is.

Q How would that impact whether or not you financially contribute to the family?

A I want to see if I can stay at home with my children until [my child] starts first grade.

Q If you did day care, you would be able to stay home with your children?

A Yes.

Erica Solem added: "I [will] try and start-up a day care business so I can be at home and be available to my boys." In the judgment, the district court held:

Erica shall be awarded spousal support in the amount of $1,000 per month for a period of 10 years or until she remarries or cohabitates. During that period of time, she will receive child support and should have the ability to work and earn additional income. She should be able to work toward building a career or beginning a business.

The trial court did not specifically articulate why it awarded Erica Solem spousal support for ten years, but it was not required to make such an indication. *Bader*, 448 N.W.2d at 190. The above-noted excerpts from the trial court testimony provide a factual basis for the length of time of the spousal support award, which is what this Court requires. *Id.* (citing *Smith*, 326 N.W.2d at 700). The fact the award of rehabilitative spousal support is to last longer than the length of the marriage does not, alone, indicate the award is clearly erroneous.

### C.

 [¶ 10] Scott Solem asserts the district court mitigated the parties' disparity in earning capacity through the unequal division of property; therefore, the award of spousal support is unnecessary. Scott Solem contends the district court's award of spousal support will not only support Erica Solem, but may discourage her from seeking to support herself, because she stated she is not looking for employment and instead is waiting to see the outcome of the divorce. Scott Solem argues Erica Solem has voluntarily limited her earning ability by choosing not to charge her friends for the day care she provides. Erica Solem asserts she started babysitting for her friends approximately six months before trial. She argues Scott Solem is

improperly focusing on a short duration of time within the parties' nine-year marriage. She notes throughout the duration of their relationship, she contributed to the marriage by staying at home with their children.

[¶ 11] The purpose of rehabilitative spousal support is to assist a spouse in achieving suitable self-support. *Wahlberg v. Wahlberg*, 479 N.W.2d 143, 145 (N.D. 1992) (citing *Bullock v. Bullock*, 376 N.W.2d 30, 31 (N.D.1985)). This Court has provided: "An award of spousal support must be made in light of the needs of the disadvantaged spouse and of the supporting spouse's needs and ability to pay." *Kautzman v. Kautzman*, 1998 ND 192, ¶ 19, 585 N.W.2d 561 (quoting *Mahoney v. Mahoney*, 1997 ND 149, ¶ 28, 567 N.W.2d 206). Additionally, this Court has held: "[W]e do not consider issues of property division and spousal support separately or in a vacuum, but rather we deal with those matters together, especially when there is a large difference in earning power between the spouses." *Gronland v. Gronland*, 527 N.W.2d 250, 253 (N.D.1995) (citing *Pfliger v. Pfliger*, 461 N.W.2d 432, 436 (N.D.1990)).

[¶ 12] In the present case, the trial court assigned a greater portion of the assets and debts to Scott Solem. The trial court awarded Scott Solem his two law office buildings and his law practice, which together were valued at $202,500. The trial court also assigned debts related to the law office and law practice to Scott Solem, which totaled $196,989. The trial court assigned the parties' home and debt associated with it to Erica Solem. The value of the home is $92,000, and the remaining mortgage is $40,168. Erica Solem netted $88,457 in property, while Scott Solem netted $29,085.

[¶ 13] Property division does not have to be equal in order to be equitable, but a trial court is required to explain a substantial disparity. *Wold v. Wold*, 2008 ND 14, ¶ 6, 744 N.W.2d 541 (citing *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 23, 673 N.W.2d 601). The trial court explained the parties "agreed that Scott would be the 'breadwinner' and Erica would care for their children after [their first child] was born." In discussing the property and debt division, the trial court noted: "Scott will retain the assets necessary to his business and the debts associated with those assets." In this case, while the division of property is not equal, it is equitable, and the trial court explained the disparity. The trial court's spousal support determination was not clearly erroneous, even considering it in conjunction with the distribution of property.

## D.

[¶ 14] Scott Solem asserts Erica Solem did not present evidence supporting the trial court's determination that she is entitled to spousal support. This Court has held there must be evidence to support an award of spousal support. *Bagan v. Bagan*, 382 N.W.2d 645, 648 (N.D. 1986). "A party seeking support to maintain a standard of living must prove what that standard of living is and what it will take to maintain it, although . . . this does not have to be proven with mathematical precision." *Id.*

[¶ 15] In her financial affidavit, Erica Solem stated her monthly expenses totaled $2,551.50. Erica Solem was questioned about her finances at trial:

Q Okay. Since the time of the interim order, and even the other hearing, hearings that we've had, have your financial-has your financial picture changed or I should say, have your monthly expenses changed in any major way?

A The health insurance has gone up.

Q From what to what?

A It's $506 now.

Q Do you know what it was previous?

A I have my bankbook in my purse but it was, oh, I can't remember the exact amount.

Q Okay. Other than that has there been any change in your financial picture to any degree?

A Not really.

Q So you have pretty much the same monthly expenses as you had in your earlier financial affidavit?

A It's just with the children, you know, buying clothes, school supplies, things like that[.]

The above-noted affidavit and testimony establish Erica Solem proved her standard of living; therefore, evidence supported the trial court's determination of spousal support.

### III.

[¶ 16] Erica Solem cross-appeals, asserting the trial court erred by not awarding her attorney fees related to this divorce. A trial court has the discretion to award attorney fees in a divorce proceeding. N.D.C.C. § 14–05–23. We review a trial court's determination regarding attorney fees under an abuse of discretion standard. *Waldie v. Waldie,* 2008 ND 97, ¶ 16, 748 N.W.2d 683 (citing *Bertsch v. Bertsch,* 2007 ND 168, ¶ 11, 740 N.W.2d 388). This Court has held:

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of

either party unreasonably increased the time spent on the case.

*Id.* (alterations in original) (quoting *Bertsch,* 2007 ND 168, ¶ 11, 740 N.W.2d 388).

[¶ 17] The trial court awarded Erica Solem $2,240 in checking and saving accounts and $1,000 per month in spousal support. While Scott Solem may have a greater earning capacity than Erica Solem, this disparity was resolved by the unequal, yet equitable, property distribution and the award of spousal support. Because the trial court ordered Erica Solem to receive liquid assets and spousal support, it appears she has the ability to pay the attorney fees; therefore, the trial court did not abuse its discretion in ordering both parties to pay their own attorney fees.

[¶ 18] Erica Solem requested attorney fees for this appeal. Rule 38, N.D.R.App.P., provides: "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Lucas v. Porter,* 2008 ND 160, ¶ 28, 755 N.W.2d 88 (quoting *Witzke v. City of Bismarck,* 2006 ND 160, ¶ 19, 718 N.W.2d 586). Scott Solem's appeal was not frivolous.

[¶ 19] This Court has held, in a divorce action, attorney fees for an appeal may be awarded if one spouse has a need for them and the other spouse has an ability to pay. *Wold v. Wold,* 2008 ND 14, ¶ 20, 744 N.W.2d 541(citing *Dvorak v. Dvorak,* 2005 ND 66, ¶ 32, 693 N.W.2d 646). "Although we have concurrent jurisdiction with the district court to award attorney fees for an appeal in a divorce proceeding, we prefer that the district court decide the

issue." *Laib v. Laib*, 2008 ND 129, ¶ 22, 751 N.W.2d 228 (citing *Dvorak v. Dvorak*, 2006 ND 171, ¶ 24, 719 N.W.2d 362). In the trial court judgment, both parties were ordered to pay their own attorney fees. Based upon the facts in the record, our affirmance of the trial court's decision on property and support, and because the trial court previously ordered the parties to pay their own attorney fees, we deny Erica Solem's request for attorney fees on appeal.

## IV.

[¶ 20] We have considered the parties' remaining arguments, and we conclude they are without merit. We affirm the trial court's judgment regarding spousal support and attorney fees.

[¶ 21] GERALD W. VANDE WALLE, C.J., WADE L. WEBB, D.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 22] The Honorable WADE L. WEBB, D.J., sitting in place of SANDSTROM, J., disqualified.