2017 ND 91

**Laura Ann LIZAKOWSKI,
Plaintiff and Appellee**

v.

**Chad Allen LIZAKOWSKI, Defendant
and Appellant**

No. 20160072

Supreme Court of North Dakota.

Filed 4/25/2017

Patti J. Jensen, 411 Second Street N.W., Suite D, P.O. Box 386, East Grand Forks, MN 56721–0386, for plaintiff and appellee.

Jacey L. Johnston (argued) and De-Wayne A. Johnston (appeared), 221 South Fourth Street, Grand Forks, ND 58201, for defendant and appellant.

Kapsner, Justice.

[¶ 1] Chad Lizakowski appeals from a divorce judgment distributing marital property and awarding spousal support and attorney fees. We affirm the district court's distribution of marital property and award of spousal support. We reverse the district court's award of attorney fees and remand for reconsideration of Chad Lizakowski's request for attorney fees.

I

[¶ 2] The parties married on September 9, 2000. Laura Lizakowski met Chad Lizakowski roughly four years before she began medical school in 2001. When the parties met, Chad Lizakowski worked delivering newspapers and did side work as a finish carpenter. Laura Lizakowski, already having a nursing degree, continued to work part-time during part of medical school. Chad Lizakowski continued delivering newspapers and doing finish carpentry work until they relocated to Marshfield, Wisconsin for Laura Lizakowski's medical training. While in Wisconsin, Chad Lizakowski worked odd jobs as a finish carpenter. He also made improvements to the home purchased in Wisconsin. After Laura Lizakowski had completed her medical training in July 2007, the parties moved back to Grand Forks, North Dakota. The parties' minor child was born roughly a month before the move. The parties sold the home purchased in Wisconsin and used the proceeds to purchase a home in Grand Forks. Chad Lizakowski remained home with the child and made improvements to the parties' home in Grand Forks. Neither party provided valuation for the improvements Chad Lizakowski made on the homes in which the parties resided

during the marriage. Prior to the parties' marriage, Chad Lizakowski owned a vehicle, recreational vehicles, and other personal property including a trailer and tools, but the parties did not offer a value for this property at the time of the marriage.

[¶ 3] Laura Lizakowski filed for divorce on January 2, 2015. Neither party contests the district court's conclusions on residential responsibility or child support. Chad Lizakowski is employed as a maintenance technician at a property management company. Laura Lizakowski is employed as a medical doctor. An amended interim order was entered on March 25, 2015. Among other things, the interim order awarded interim spousal support to Chad Lizakowski in the amount of $1,500.00 per month.

[¶ 4] The district court entered the divorce judgment on January 6, 2016. The court awarded the parties a divorce, equal residential responsibility, offset child support, awarded spousal support and a portion of attorney fees to Chad Lizakowski, and ordered an equitable distribution of the marital property and debt. Offsetting child support resulted in an award of child support of $1,572.00 per month to Chad Lizakowski. The court also awarded $1,000.00 per month in rehabilitative spousal support for twenty-four months and $7,000.00 in attorney fees to Chad Lizakowski. As part of its equitable distribution of marital property, the district court ordered Laura Lizakowski to pay a cash property distribution payment of $100,000.00 to Chad Lizakowski within 180 days of entry of judgment. Accounting for the post judgment cash equalization payment, there was a net asset allocation of $241,487.00 to Laura Lizakowski and $242,548.00 to Chad Lizakowski. As part of the property distribution, Laura Lizakowski was awarded the marital home and was directed to eliminate Chad Lizakowski as a

responsible party on the home mortgage within ninety days of entry of judgment. If unable to refinance the home mortgage, Laura Lizakowski was directed to list the marital home for sale and pay off all debts against the property.

[¶ 5] Chad Lizakowski filed a notice of appeal on February 22, 2016. On February 26, 2016, Laura Lizakowski filed a motion to dismiss with this Court. On March 14, 2016, Chad Lizakowski filed a brief opposing the motion to dismiss.

## II

[¶ 6] Laura Lizakowski argues Chad Lizakowski's appeal should be dismissed because he accepted a substantial benefit of the judgment. Specifically, Chad Lizakowski filed a qualified domestic relations order for the court ordered transfer of a 401K account awarded as part of the district court's property allocation. In addition, Laura Lizakowski argues Chad Lizakowski's acceptance of the $7,000.00 award of attorney fees and spousal support constitutes an acceptance of a substantial benefit of the judgment and waives his right to an appeal.

[¶ 7] "A party moving to dismiss an appeal must clearly establish waiver of the right to appeal by the other party." Sommers v. Sommers, 2003 ND 77, ¶ 5, 660 N.W.2d 586. Generally, an individual that unconditionally, voluntarily, and consciously accepts a substantial benefit from a divorce judgment waives the right to appeal the judgment. DeMers v. DeMers, 2006 ND 142, ¶ 27, 717 N.W.2d 545. This Court explained in Sommers:

This court has sharply limited the rule in domestic cases to promote a strong policy in favor of reaching the merits of an appeal. Before a waiver of the right to appeal can be found, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under

the judgment. The party objecting to the appeal has the burden of showing the benefit accepted by the appealing party is one which the party would not be entitled to without the decree. There must be unusual circumstances, demonstrating prejudice to the movant, or a very clear intent on the part of the appealing party to accept the judgment and waive the right to appeal, to keep this court from reaching the merits of the appeal.

2003 ND 77, ¶ 5, 660 N.W.2d 586.

[¶ 8] The presence of court imposed deadlines for payment of a judgment supports a conclusion a litigant has not unconditionally, voluntarily, and consciously accepted a substantial benefit of a judgment. In DeMers, the district court ordered a husband to pay the wife $5,350.00 within thirty days as part of the property distribution. 2006 ND 142, ¶¶ 26, 28, 717 N.W.2d 545. The wife accepted the payment and the husband moved to dismiss the appeal. Id. This Court determined the district court had made time of the essence by putting time limitations on the property distribution and concluded the wife did not consciously accept the benefit or waive her right to appeal. Id. at ¶ 28.

[¶ 9] "A spousal support recipient's acceptance of spousal support payments is not a waiver of the right to appeal a judgment and is not inconsistent with a claim on appeal that he or she should have been awarded more support." Sommers, 2003 ND 77, ¶ 6, 660 N.W.2d 586. In Sommers, the husband argued the wife waived her right to appeal because she accepted spousal support payments after the notice of appeal was filed. Id. at ¶ 4. This Court concluded the husband failed to clearly establish the wife waived her right to appeal because the wife was seeking additional spousal support and the husband was not seeking to reduce spousal support.

Id. at ¶ 6. This Court has also stated, "[a]cceptance of part of the cash award . . . denominated as a property settlement, is not inconsistent with [the appellant's] claim in her appeal on the merits that the award should have been larger." Sanford v. Sanford, 295 N.W.2d 139, 142 (N.D. 1980).

[¶ 10] In this case, Chad Lizakowski has accepted spousal support, attorney fees, and initiated the transfer of a 401K account to his name by filing a qualified domestic relations order with the district court. Because Chad Lizakowski seeks a larger award of spousal support on appeal, his acceptance of spousal support payments did not constitute a waiver of the right to appeal. Sommers, 2003 ND 77, ¶ 6, 660 N.W.2d 586. The acceptance of attorney fees in this case also did not constitute an acceptance of a substantial benefit or waive his right to appeal. The district court ordered Laura Lizakowski to pay the attorney fees within thirty days of entry of judgment. Similar to DeMers, the district court's placement of a deadline on the payment results in the conclusion Chad Lizakowski did not consciously accept the benefit or waive his right to appeal the issue. DeMers, 2006 ND 142, ¶ 28, 717 N.W.2d 545. Chad Lizakowski also seeks an increase in the award of attorney fees, and acceptance of a time limited payment of fees is not inconsistent with an appeal seeking additional attorney fees. Sommers, 2003 ND 77, ¶ 6, 660 N.W.2d 586. While the transfer of the 401K account was not time sensitive, acceptance of a portion of the property settlement in this case is not inconsistent with Chad Lizakowski's claim seeking a larger property distribution. See Sanford, 295 N.W.2d at 142. We conclude Chad Lizakowski did not waive his right to appeal in this case and deny Laura Lizakowski's motion to dismiss this appeal.

### III

[¶ 11] Chad Lizakowski argues the district court erred in its distribution of marital property. Chad Lizakowski contends the court failed to consider or acknowledge a number of contributions he made to the marriage in the form of completing remodeling projects and staying home to care for the parties' child for two years. Chad Lizakowski contends the district court gave improper weight to Laura Lizakowski's testimony and improperly relied on a determination he has failed to advance himself professionally.

[¶ 12] Section 14–05–24(1), N.D.C.C., requires a district court to make an equitable division of the parties' marital estate in a divorce action. The district court must consider all of the parties' assets in making an equitable distribution of marital property. Rebel v. Rebel, 2016 ND 144, ¶ 7, 882 N.W.2d 256. In making this distribution, the court considers the Ruff–Fischer guidelines which include:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

Id. The district court is not required to make specific findings on each factor, but it must explain the rationale for its decision. Id. at ¶ 8. Generally, long-term marriages support an equal distribution of property. Kosobud v. Kosobud, 2012 ND 122, ¶ 6, 817 N.W.2d 384. "[F]inancial misconduct and dissipation of assets are grounds for an unequal property distribution." Id.

[¶ 13] A district court's property division is treated as a finding of fact, and we will not reverse the distribution unless the district court's findings are clearly erroneous. Kosobud, 2012 ND 122, ¶ 6, 817 N.W.2d 384. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction a mistake has been made. Id. A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous. Id. "[W]e will not reverse the trial court merely because we may have viewed the evidence differently." Wahlberg v. Wahlberg, 479 N.W.2d 143, 144 (N.D. 1992). On appeal, we do not reweigh conflicts in the evidence, and we give due regard to the district court's opportunity to judge the credibility of the witnesses. Kosobud, 2012 ND 122, ¶ 6, 817 N.W.2d 384.

[¶ 14] In this case, Chad Lizakowski's arguments are focused on the weight the district court gave to certain testimony and evidence presented. The property division in this case resulted in a nearly equal net distribution between the parties. Chad Lizakowski was awarded $242,548.00, including the $100,000.00 cash equalization payment due post judgment. Accounting for the cash equalization payment, Laura Lizakowski was awarded $241,487.00 in net assets. In reaching that net award, Laura Lizakowski was allocated $351,151.00 in liabilities while Chad Lizakowski was allocated $23,479.00 in liabilities. Laura Lizakowski's liabilities will increase upon refinancing the marital home in order to finance the $100,000.00 cash payment to Chad Lizakowski. The district court noted Laura Lizakowski's larger earning capacity and Chad Lizakowski's

lower earning capacity as part of its rationale for the allocation of debt between the parties as well as the cash equalization payment.

[¶ 15] The district court noted the disparity in earning ability between the parties; concluded based upon the testimony, demeanor of the parties, and the record Chad Lizakowski was not disadvantaged by moving to Wisconsin for Laura Lizakowski's career; noted Chad Lizakowski's skills as a finish carpenter; noted Chad Lizakowski's work history includes newspaper delivery, carpentry work, general construction, handyman work, and floor installation; and determined Chad Lizakowski's earning ability based upon wage reports. Chad Lizakowski argues the district court disregarded the fact he has always done similar work and is skilled at it. Specifically, he argues the district court placed too much emphasis on the fact he did not further his education and contends he was punished for failing to choose an occupation with higher pay. A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous. Kosobud, 2012 ND 122, ¶ 6, 817 N.W.2d 384.

[¶ 16] Chad Lizakowski also argues the district court failed to consider his contributions to the marriage in the form of renovations to the homes. Chad Lizakowski testified about several extensive remodeling projects he completed over the course of the marriage. However, he did not offer formal documentation for the value of the projects, but claimed in testimony Laura Lizakowski shredded documents that would support timelines and records for improvements. While the transcript indicates Laura Lizakowski likely paid for the majority of the materials for the projects, it was undisputed Chad Lizakowski did the vast majority of the physical labor associated with them. The district court

did consider these contributions. Chad Lizakowski's contributions to the improvement of the Grand Forks property would be reflected in the value assigned to the house. The district court stated, "[e]ach party contributed to the marriage with Chad contributing minimal financial contributions but providing significant property renovations, child care for two years and some homemaking." (Emphasis added). The district court balanced the contributions of the parties in light of Chad Lizakowski's "self-imposed limitations on his earning capability" and Laura Lizakowski's "significant financial contributions." The concerns the district court expressed about Chad Lizakowski's limitations on his earning capability related more to his contributions to the marriage than to the type of work he was doing. He chose not to work outside the home at times when child care was not needed, and he was making minimal efforts to assist in homemaking responsibilities.

[¶ 17] The district court made findings on the Ruff–Fischer guidelines that were supported by the record. The district court is not required to make specific findings on each factor, but it must explain the rationale for its decision. Rebel, 2016 ND 144, ¶ 8, 882 N.W.2d 256. No evidence was presented regarding financial misconduct of the parties and the court noted the "fairly long-term marriage." The property distribution resulted in a significantly larger amount of debt allocated to Laura Lizakowski and a nearly equal net distribution in light of the differences in earning ability and length of the marriage. Upon a full review of the record, we are not left with a definite and firm conviction a mistake has been made. This Court can determine the rationale for the district court's decision based on the findings and the record. Accordingly, we conclude the property distribution was not clearly erroneous.

## IV

[¶ 18] Chad Lizakowski contends the district court erred by awarding temporary rehabilitative support in the amount of $1,000.00 a month for twenty-four months. He argues the district court's spousal support award will force him to deplete his property distribution in order to live. He contends the award does not allow him to meet ongoing expenses, immediate debts, or continued access to property awarded to him.

[¶ 19] Under N.D.C.C. § 14–05–24.1, a district court in a divorce case may require one party to pay spousal support to the other party for any period of time. Pearson v. Pearson, 2009 ND 154, ¶ 5, 771 N.W.2d 288. An award of spousal support is a "finding of fact which will not be set aside on appeal unless clearly erroneous." Solem v. Solem, 2008 ND 211, ¶ 5, 757 N.W.2d 748. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a definite and firm conviction a mistake has been made. Kosobud, 2012 ND 122, ¶ 6, 817 N.W.2d 384. "[W]e will not reverse the trial court merely because we may have viewed the evidence differently." Wahlberg, 479 N.W.2d at 144. The district court must consider the relevant factors under the Ruff–Fischer guidelines in determining an award of spousal support. Pearson, 2009 ND 154, ¶ 6, 771 N.W.2d 288. The district court is "not required to make specific findings on each factor, provided we can determine the reasons for the court's decision." Krueger v. Krueger, 2008 ND 90, ¶ 8, 748 N.W.2d 671. "Spousal support awards must also be made in consideration of the needs of the spouse seeking support and of the supporting spouse's needs and ability to pay." Overland v. Overland, 2008 ND 6, ¶ 16, 744 N.W.2d 67.

[¶ 20] Chad Lizakowski sought permanent spousal support. This Court has "frequently recognized a preference for rehabilitative spousal support, rather than permanent spousal support." Krueger, 2008 ND 90, ¶ 9, 748 N.W.2d 671. "Permanent spousal support may be appropriate when there is substantial disparity between the spouse's incomes that cannot be readily adjusted by property division or rehabilitative support." Pearson, 2009 ND 154, ¶ 7, 771 N.W.2d 288. Chad Lizakowski argues the district court's award of temporary spousal support at a rate lower than the interim rate places him in a position in which he must dispose of assets awarded in the property distribution. The district court noted the earning ability of the parties and contributions of the parties to the marriage were significant factors in determining property distribution and spousal support.

[¶ 21] The district court stated its award of temporary support was "based upon Chad's self-limitation in his earning capacity and provides an opportunity for him to build a customer base in his chosen career. . . . It also considers the financial stability which he will obtain from the property division set forth herein." "Spousal support and property distribution are interrelated and intertwined and must be considered together." Krueger, 2008 ND 90, ¶ 9, 748 N.W.2d 671. The district court awarded Chad Lizakowski a $100,000.00 cash equalization payment as part of the property distribution. Chad Lizakowski was awarded minimal debt in comparison to Laura Lizakowski, a retirement account valued at over $40,000.00, and monthly rehabilitative support of $1,000.00 a month for twenty-four months. Chad Lizakowski will also be receiving $1,572.00 a month in child support.

[¶ 22] Chad Lizakowski points to several cases in which large awards of spousal support have been upheld when the obligor spouse was found to have a significantly higher earning capacity. However, the presence of this fact does not necessarily mean a larger award is suitable in every case. "Each spousal support determination is fact specific." Christian v. Christian, 2007 ND 196, ¶ 13, 742 N.W.2d 819. In Wagner v. Wagner, this Court concluded the district court's award of rehabilitative spousal support was not clearly erroneous. 2007 ND 33, ¶ 11, 728 N.W.2d 318. There, the parties had divorced after a twenty-six year marriage, the obligee had not worked outside the home since the birth of the parties' first child, the obligee had stayed home with four children, and the district court found the property distribution to be favorable to the spouse receiving support. Id. at ¶¶ 2, 7. In Becker v. Becker, this Court affirmed an award of permanent spousal support. 2011 ND 107, ¶ 32, 799 N.W.2d 53. There, the parties had a twenty-year marriage, the obligor had an earning capacity of at least $455,000.00, and the obligee had not worked outside the home for a number of years and had been diagnosed with depression and ADHD. Id. at ¶ 31. This Court noted conflicting evidence had been presented at the district court regarding the impact of the medical conditions on the obligee's earning ability, but concluded, "[a] district court's choice between two permissible views of conflicting evidence is not clearly erroneous." Id. at ¶ 32. In Hoverson v. Hoverson, this Court reviewed and affirmed a district court's award of spousal support in the amount of $3,000.00 per month for two years. 2013 ND 48, ¶ 18, 828 N.W.2d 510. There, the obligee sought permanent spousal support, the obligor had been awarded eighty percent of the parties' $14.5 million marital estate, and the obligor was self-employed as a farmer and found to have a greater earning capacity than the obligee. Id. at ¶¶ 11–18.

[¶ 23] "[W]e will not reverse a district court's decision when valid reasons are fairly discernable, either by deduction or by inference." Lorenz v. Lorenz, 2007 ND 49, ¶ 9, 729 N.W.2d 692. The district court explained its rationale by stating, "[t]he incomplete financial picture Chad provided, coupled with his self-imposed limitation of earnings limits the extent to which he is entitled to support." The "incomplete financial picture" is supported by the record as Laura Lizakowski testified to the fact tax records had been shredded over the years, a decision made by both parties some time ago. Chad Lizakowski offered only a social security statement as evidence of his earning history. In light of Chad Lizakowski's work history, the district court stated, "[a]n award of spousal support for a brief period of time will allow for Chad to remain financially independent as he becomes serious about remaining gainfully employed." The district court's decision has valid reasons which are fairly discernable. We conclude the district court's findings are sufficient to understand the rationale for the court's decision. We are not left with a definite and firm conviction the district court made a mistake in awarding Chad Lizakowski spousal support of $1,000.00 a month for twenty-four months. We conclude the district court's award of spousal support was not clearly erroneous.

V

[¶ 24] Chad Lizakowski argues the district court's award of attorney fees should have been larger in order to cover more, if not all, of his fees. Laura Lizakowski does not contest the fees awarded and requests this Court affirm the district court's award of $7,000.00 in attorney fees.

[¶ 25] "Generally, this Court applies the 'American Rule,' which requires parties to bear their own attorney's fees unless the fees are expressly authorized by statute." Walstad v. Walstad, 2013 ND 176, ¶ 30, 837 N.W.2d 911. "Under N.D.C.C. § 14–05–23, the district court has discretion to award attorney fees in divorce proceedings." Keita v. Keita, 2012 ND 234, ¶ 25, 823 N.W.2d 726. Both N.D.C.C. § 14–05–23 and this Court's caselaw recognize district courts in domestic cases have more latitude in awarding attorney fees. Walstad, 2013 ND 176, ¶ 30, 837 N.W.2d 911.

[¶ 26] The primary standard governing attorney fee awards under N.D.C.C. § 14–05–23 is "consideration of one spouse's needs and the other spouse's ability to pay." Keita, 2012 ND 234, ¶ 25, 823 N.W.2d 726. The district court should also consider "the property owned by each party, their relative incomes, [and] whether property is liquid or fixed assets." Wanttaja v. Wanttaja, 2016 ND 14, ¶ 31, 873 N.W.2d 911 (quoting Reiser v. Reiser, 2001 ND 6, ¶ 15, 621 N.W.2d 348). "An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs." Id. Fault is considered only to the extent one party has unreasonably escalated the fees. Keita, 2012 ND 234, ¶ 25, 823 N.W.2d 726. "A district court's award of attorney fees will not be disturbed on appeal unless the appealing party establishes the court abused its discretion." Walstad, 2013 ND 176, ¶ 29, 837 N.W.2d 911. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." Id.

[¶ 27] The district court awarded Chad Lizakowski $7,000.00 in attorney fees and ordered the parties responsible for their remaining fees. The district court noted the disparity between the parties' income. While the district court made a general finding both parties engaged in actions which increased their respective legal fees, the court specifically discussed Laura Lizakowski's behavior in discovery. The court noted Chad Lizakowski filed multiple motions to obtain Laura Lizakowski's cell phone records, and Laura Lizakowski belatedly disclosed the phone was no longer in her possession only after the district court had already ordered disclosure. The cell phone was later disclosed, but with encrypted backup with an unknown password. This caused the information to be unobtainable without "significant additional time and expense." The court found Laura Lizakowski's actions during discovery "support[ed] allocation of a portion of Chad's attorney's fees and costs to Laura." The district court then stated, "[h]owever, Laura is not required to bear the full burden of Chad's legal fees and costs in light of Chad's self-limitation in his earnings, that he is awarded a substantial financial distribution as part of the property division, and is allocated a minimum of the parties' debts." The district court found Chad Lizakowski had attorney fees in the amount of $28,000.00 and presumed Laura Lizakowski's to be the same amount. Chad Lizakowski testified that he had the ability to pay very little of his attorney fees and had a substantial remaining balance at trial. Laura Lizakowski testified she paid her attorney fees during the course of the litigation. We have recognized a district court may consider one spouse's payment of attorney fees from the marital estate when making a determination of whether to award attorney fees. See, e.g., Kitzmann v. Kitzmann, 459 N.W.2d 789, 795 (N.D. 1990) ("[W]e believe that the trial court should still consider [the wife's] argument that [the husband] paid his fees from the

marital assets, as it would be inequitable for [the wife] to have actually contributed to a portion of [the husband's] attorney's fees.").

[¶ 28] A district court's "award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs." Reiser, 2001 ND 6, ¶ 15, 621 N.W.2d 348. The district court's recognition of the parties' income disparity and Laura Lizakowski's fault in unreasonably escalating fees does not match its conclusion to order payment of only one-fourth of Chad Lizakowski's attorney fees. The district court concluded, "[g]iven the cash property distribution and award for spousal support, Chad has the ability to pay his attorney's fees." In arriving at that conclusion, the district court noted the disparity between the parties' incomes, but considered the disparity in light of "Chad's self-limitation in his earnings." In awarding attorney fees under N.D.C.C. § 14–05–23, "fault is a consideration only to the extent that one party has unreasonably escalated the fees." Wanttaja, 2016 ND 14, ¶ 33, 873 N.W.2d 911.

[¶ 29] According to the record, both parties are employed and a significant income disparity exists between the parties. The remaining fees in this case, if the figure should remain at the amount the district court found, would almost completely deplete Chad Lizakowski's award of temporary spousal support. While Chad Lizakowski will have liquid assets after the cash equalization payment is paid, he "need not dissipate [his] property award for living expenses." Jorgenson v. Ratajczak, 1999 ND 65, ¶ 19, 592 N.W.2d 527. Chad Lizakowski would be required to dispense with roughly one-fourth of his cash equalization payment in order to pay his attorney fees.

[¶ 30] The presence of a relatively large property distribution does not necessarily diminish a party's need for an attorney fee award. In Hoverson, 2013 ND 48, ¶ 26, 828 N.W.2d 510, this Court affirmed an award of attorney fees appealed by the party ordered to pay. The wife who requested attorney fees had been awarded a property distribution of $2.8 million, and spousal support of $3,000.00 per month for two years. Id. at ¶¶ 17 –18. The district court's analysis recognized the property owned by each party as a result of the property division and the parties' disparity in income. Id. at ¶ 26. In addition, the wife indicated she was not interested in returning to work. Id. at ¶ 17. The district court did not set a specific amount of fees to be paid, but evidence at trial showed $35,000.00 in fees to be paid in addition to $25,000.00 already paid by the husband. Id. at ¶ 26. This Court held the district court did not abuse its discretion in awarding attorney fees to the wife. Id.

[¶ 31] In view of the record evidence regarding both parties' income, the testimony of the parties regarding their ability to pay attorney fees, the district court's findings regarding Laura Lizakowski's fault in unreasonably escalating fees, the district court erred by awarding only $7,000.00 in attorney fees. The district court's reasoning was not "the product of a rational mental process leading to a reasoned determination." Keita, 2012 ND 234, ¶ 25, 823 N.W.2d 726. The district court misapplied the law by considering "Chad's self-limitation in his earnings" in determining whether to award attorney fees. The district court's award of only $7,000.00 in attorney fees was an abuse of discretion. Accordingly, we reverse and remand for reconsideration of attorney fees in light of the parties' needs and ability to pay, the action of the parties to increase litigation costs and expenses, and Laura Lizakowski's prior payment of litigation expenses out of the marital estate. Chad Lizakowski

also requested an award of attorney fees for this appeal, but has not shown a basis for this Court to make an award.

## VI

[¶ 32] We affirm the district court's judgment with respect to property division and spousal support. We reverse the district court's award of attorney fees and remand for reconsideration of attorney fees.

[¶ 33] Carol Ronning Kapsner

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 34] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

Crothers, Justice, concurring and dissenting.

[¶ 35] I agree with the Majority opinion except Part V on attorneys fees. I respectfully dissent from that portion of the decision.

[¶ 36] The district court awarded $7,000 of Chad Lizakowski's claimed $28,000 in attorneys fees. The ruling was a blend of payment under N.D.C.C. § 14–05–23 based on need and ability to pay, and as a sanction for Laura Lizakowski's discovery misconduct. In a similar case, I noted as follows:

"Under N.D.C.C. § 14–05–23, the primary standard governing an award of attorney fees in a divorce action is one spouse's needs and the other spouse's ability to pay. Under that statute, we have recognized that where a party's actions have unreasonably increased the time spent on a case, attorney fees may be appropriate.

"A district court also has inherent authority to sanction a litigant for misconduct. 'Sanctions must be reasonably proportionate to the misconduct.' When sanctioning a party for misconduct, a district court should consider and make findings on the culpability or state of mind of the party against whom sanctions are being imposed, the prejudice to the moving party, the impact of the prejudice on the moving party's ability to present or defend the party's case, and the availability of less severe sanctions.

"A district court has discretion in awarding attorney fees as a sanction in divorce actions. An award of attorney fees as a sanction will not be disturbed on appeal unless the court abuses its discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination."

Walstad v. Walstad, 2013 ND 176, ¶ 51, 837 N.W.2d 911, (Crothers, J., dissenting) (quotation and citations omitted).

[¶ 37] While I agree the district court should not have considered Chad Lizakowski's self-limiting employment, the Majority does not reverse to fix that error. Instead, the Majority's sweeping mandate is to award Chad Lizakowski more money. I disagree with that broad directive because overall the district court considered the appropriate and competing factors in this case.

[¶ 38] Instead of relying on the district court's exercise of discretion when balancing the appropriate and relevant factors and considerations, the Majority focuses only on the financial impact on Chad Lizakowski under the fee award:

"The remaining fees in this case, if the figure should remain at the amount the

district court found, would almost completely deplete Chad Lizakowski's award of temporary spousal support. While Chad Lizakowski will have liquid assets after the cash equalization payment is paid, he 'need not dissipate [his] property award for living expenses.' Jorgenson v. Ratajczak, 1999 ND 65, ¶ 19, 592 N.W.2d 527. Chad Lizakowski would be required to dispense with roughly one-fourth of his cash equalization payment in order to pay his attorney fees."

Majority opinion, at ¶ 29.

[¶ 39] The Majority's math is wrong in saying that full payment of his attorney fees "would be required to dispense with roughly one-fourth of his cash equalization payment in order to pay attorney fees." Id. at ¶29. He was not required to pay all of his attorney fees; Laura Lizakowski has been ordered to pay $7,000 of them. Also, absent from the Majority's discussion is the impact on Laura Lizakowski, who was required to promptly pay Chad Lizakowski $100,000, refinance the home mortgage and pay nearly all of the parties' debts. In the district court's words:

"The basis of this amount considers, in part, that Laura has greater earnings; she likely will need to finance this cash property distribution; she has been allocated a large percentage of the marital debt whereas Chad takes the property debt free with only limited debt largely attributed to his attorney's fees. He also will have supplemental income as a result of this decree, both in terms of spousal support for twenty-four months and child support."

[¶ 40] When both sides of the financial ledger are considered, and recognizing our abuse of discretion standard of review, I submit the district court reached a result that should be affirmed.

[¶ 41] Daniel J. Crothers

Lisa Fair McEvers