Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 53

Samantha Tuhy, Plaintiff and Appellee

v.

Jason C. Tuhy, Defendant and Appellant

No. 20170214

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Gary D. Ramsey, Dickinson, ND, for plaintiff and appellee.

Jami L. Arnold, Dickinson, ND, for defendant and appellant.

Tuhy v. Tuhy

No. 20170214

McEvers, Justice.

[¶1] 
Jason Tuhy appeals from a divorce judgment distributing marital property and awarding spousal support and attorney’s fees.  We conclude the district court’s distribution of the parties’ remainder interests in property and award of spousal support are not clearly erroneous.  We further conclude the court did not abuse its discretion when awarding attorney’s fees.  We affirm.

I

[¶2] Jason and Samantha Tuhy were married on June 6, 2003, and had three children during their marriage.  The parties separated in February 2016.  In May 2016, Samantha filed for a divorce.  The parties agreed on all issues regarding parental responsibility and entered into a stipulated parenting plan in February 2017.  The district court held a trial on February 8 and 13, 2017 on issues regarding division of property and debts, spousal support, and attorney’s fees.

[¶3] The district court entered a memorandum opinion in March 2017.  Jason filed a request for reconsideration and clarification of calculations in regard to the property and debts of the parties, as well as calculations used for determining spousal support and child support.  The request for reconsideration did not include a request to modify the attorney’s fees awarded in the court’s first memorandum opinion.  The order modifying and clarifying the court’s calculations was entered March 31, 2017.  A proposed judgment along with the supporting documents were filed on May 1, 2017 by Samantha.  Jason filed an objection to the proposed findings and judgment.  Jason did not include a challenge to the award of attorney’s fees.  The court filed a letter to counsel responding to the objection and directing Samantha’s attorney to prepare the revised documents.  The judgment was entered on May 4, 2017.

[¶4] The judgment ordered Jason to pay Samantha child support in the amount of $2,439 per month and spousal support in the amount of $1,000 per month for four years.  The district court ordered Jason to pay Samantha attorney’s fees in the amount of $5,956, the amount reflected in the property and debt listing.  The court separately designated the parties’ remainder interests in real property and awarded them to the party whose family controlled the life estate.  To balance the disparity, the court awarded Jason a larger portion of his retirement.  The court awarded Samantha one-

half of Jason’s non-vested shares of Whiting Oil stock.  The court further awarded Samantha 25 percent of Jason’s 401(k) equaling $36,274.  The court ordered Jason to pay Samantha $158,782.61, concluding that amount is equal to one-half the difference in the disparity of the net amount received by the parties.  The judgment indicated Jason was to pay $50,000 of that amount within 60 days of the entry of judgment, with the remainder due within 10 years at an interest rate of 6.5 percent on the unpaid balance.

[¶5] Jason then filed a motion for stay of judgment on June 2, 2017, requesting the conveyance of property and payments be stayed pending an appeal to this Court.  Jason filed a notice of appeal on June 6, 2017.  Samantha filed a response to the motion.  On July 18, 2017, the court held a hearing on the motion and denied it on July 21, 2017.

II

[¶6] As an initial matter, Samantha filed a motion to strike the first issue on appeal of whether the district court erred in its division of property and debts because she believed Jason accepted substantial benefits under the judgment before it was entered. Samantha argued the court’s memorandum opinion awarded Jason the marital residence and the award was confirmed in the judgment.  Jason then listed the marital residence for sale and Samantha signed the listing agreement.  Samantha further argued Jason was awarded financial assets which he continues to have custody, control, and use of.  Therefore, Samantha argued by Jason accepting substantial benefits, he waived his right to appeal.  Although Samantha argues she is not attempting to have the entire case dismissed on appeal, we have said that spousal support and the division of property are interrelated and intertwined and often must be considered together.  
Paulson v. Paulson
, 2010 ND 100, ¶ 9, 783 N.W.2d 262.  Despite her attempt to narrow the issue, Samantha relies on cases requesting dismissal of the case on appeal.

[¶7] “A party moving to dismiss an appeal must clearly establish waiver of the right to appeal by the other party.”  
Lizakowski v. Lizakowski
, 2017 ND 91, ¶ 7, 893 N.W.2d 508 (quoting 
Sommers v. Sommers
, 2003 ND 77, ¶ 5, 660 N.W.2d 586).  “Generally, an individual that unconditionally, voluntarily, and consciously accepts a substantial benefit from a divorce judgment waives the right to appeal the judgment.”  
Id.

This [C]ourt has sharply limited the rule in domestic cases to promote a strong policy in favor of reaching the merits of an appeal.  Before a waiver of the right to appeal can be found, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under the judgment.  The party objecting to the appeal has the burden of showing the benefit accepted by the appealing party is one which the party would not be entitled to without the decree.  There must be unusual circumstances, demonstrating prejudice to the movant, or a very clear intent on the part of the appealing party to accept the judgment and waive the right to appeal, to keep this [C]ourt from reaching the merits of the appeal.

Id. 
(quoting 
Sommers
, at ¶ 5).  Jason argues he should have been awarded more of the parties’ remainder interests.  Samantha does not argue that he should have been awarded fewer remainder interests, or that she should have been awarded more of the remainder interests or the marital residence.

[¶8] Here, Samantha has not shown any unusual circumstances prejudicing her or a clear intent by Jason to accept the judgment and waive his right to appeal.  We conclude Samantha has not clearly established Jason waived his right to appeal by accepting benefits of the divorce judgment, and deny Samantha’s motion to strike.

III

[¶9] Jason argues the district court erred by setting aside the parties’ remainder interests in real property when dividing the parties’ marital property and in awarding spousal support.

A

[¶10] Jason argues the district court erred by setting aside the parties’ remainder interests in real property when dividing the parties’ marital property.

The standard for reviewing marital property distributions is well-settled.  “A district court’s distribution of marital property is treated as a finding of fact, which we review under the clearly erroneous standard of review.”  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made.”  “This Court views the evidence in the light most favorable to the findings, and the district court’s findings of fact are presumptively correct.”

A district court is required to make an equitable distribution of all the divorcing parties’ marital property and debts.  “All property held by either party, whether held jointly or individually, is considered marital property, and the court must determine the total value of the marital property before making an equitable distribution.”  Marital property ordinarily is valued as of the date of trial.  After the court values the property, it must then equitably divide the entire marital estate under the 
Ruff-Fischer
 guidelines, which require the court to consider the following factors in the division:

The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

McCarthy v. McCarthy
, 2014 ND 234, ¶¶ 8-9, 856 N.W.2d 762 (citations omitted). “Under North Dakota law, it is well-established that a property distribution does not need to be equal to be equitable, but a substantial disparity must be explained so as to provide some indication of the rationale of the [district] court in distributing the property.”  
Id.
 at ¶ 13 (citations and quotation omitted).  “[T]he length of the marriage is relevant to the distribution of gifts and inherited property as part of the ‘equitable’ division of the marital estate.”  
Bladow v. Bladow
, 2003 ND 123, ¶ 8, 665 N.W.2d 724.  “In general, a lengthy marriage supports an equal division of all marital assets.” 
Id.

[¶11] Here, Samantha has a remainder interest in four properties, subject to her parents’ life estates.  Jason has a remainder interest in two properties, along with his siblings, subject to his parents’ life estates.  Jason argues the district court set aside the remainder interests in real property when dividing the marital property.  However, upon reviewing the record, the court included all the property as marital  property, but awarded the remainder interests in real property to the party in which the origin of the property belonged.  
See Bladow
, 2003 ND 123, ¶ 8, 665 N.W.2d 724 (concluding the origin of the property is a factor to consider under the 
Ruff-Fischer 
guidelines).

[¶12] The district court indicated it relied on its analysis of the 
Ruff-Fischer 
guidelines in distributing property.  The court relied on the following: (1) the interests came from their respective parents; (2) the acquisition of such interests bears no relationship to the conduct or efforts of either party during the marriage; (3) the interests are not possessory, and the parties will not enjoy the benefits for many years; (4) such gifts were made more for the purpose of satisfying the grantors’ estate planning needs than an intent to bestow an immediate benefit upon either of the parties; and (5) notwithstanding that it is possible to place a value upon the remainder interests at the time of trial, whether the underlying property will maintain a comparable fair market value is somewhat speculative.  The court realized there was a disparity between the values of the real property in which the parties had a remainder interest.  To make the division of property more equitable, the court awarded Jason a larger share of his retirement account.  After which, the court made an equal division of the remaining marital property.  A distribution of marital property need not be equal to be equitable.  Jason and Samantha were both awarded remainder interests in property where the values of which were “somewhat speculative.”  We are able to determine the rationale for the court’s decision based on its findings.

[¶13] Therefore, we conclude the district court did not clearly err by awarding the remainder interests in real property when dividing the parties’ marital property. Accordingly, we conclude the property distribution was not clearly erroneous.

B

[¶14] Jason argues the district court erred in awarding Samantha temporary spousal support of $1,000 per month for four years.  Jason argues that he does not have the ability to pay spousal support.

“Under N.D.C.C. § 14-05-24.1, a [district] court in a divorce case ‘may require one party to pay spousal support to the other party for any period of time.’”  An award of spousal support is a “finding of fact which will not be set aside on appeal unless clearly erroneous.”  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after a review of the entire record, we are left with a definite and firm conviction a mistake has been made.”

Pearson v. Pearson
, 2009 ND 154, ¶ 5, 771 N.W.2d 288 (citations omitted).  The court “must consider the relevant factors under the 
Ruff-Fischer 
guidelines when determining if an award of spousal support is appropriate.”  
Id. 
at ¶ 6.

Factors to consider under the 
Ruff-Fischer
 guidelines include:

“the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.”

When making a spousal support determination, “the district court is not required to make specific findings on each factor, provided we can determine the reasons for the court’s decision.” “Spousal support awards must also be made in consideration of the needs of the spouse seeking support and of the supporting spouse’s needs and ability to pay.”

Id.
 (citations omitted).  The court will not be reversed merely because we may have viewed the evidence differently.  
Lizakowski
, 2017 ND 91, ¶ 19, 893 N.W.2d 508.

[¶15] Samantha requested rehabilitative spousal support to assist her in obtaining her teaching credentials.  The district court followed the 
Ruff-Fischer
 guidelines and found, among other things: (1) Jason was 36 years old and Samantha was 34 years old at the time of trial; (2) Jason currently and in the past earned significantly greater annual income than Samantha, and Jason will continue to earn significantly greater income than Samantha in the foreseeable future; (3) Jason and Samantha had been married for a little more than 13 years at the time of trial; (4) neither party engaged in significant inappropriate marital conduct; (5) the parties enjoyed a very comfortable standard of living; (6) both parties appear to be in good health; and (7) neither party brought significant debts or assets to the marriage, except the property gifted by their respective parents.  The court further found that regardless of whether Samantha obtained her teaching credentials, she would earn less than Jason.  The court concluded Jason had the ability to pay.

[¶16] The district court ordered Jason to pay spousal support to Samantha in the amount of $1,000 per month for four years.  We conclude the court’s findings were not induced by an erroneous view of the law, there is evidence to support the findings, and we are not left with a definite and firm conviction a mistake was made.  Therefore, awarding Samantha temporary spousal support was not clearly erroneous.

IV

[¶17] Jason further argues the district court abused its discretion in awarding Samantha attorney’s fees without explanation. 

The district court has broad discretion to award attorney’s fees in divorce proceedings under N.D.C.C. § 14-05-23.  We have said the primary standard for awarding attorney’s fees under N.D.C.C. § 14-05-

23 is consideration of one spouse’s needs and the other spouse’s ability to pay.  However, we have also recognized attorney’s fees may be appropriate “where a party’s actions have unreasonably increased the time spent on a case[.]”

Brew v. Brew
, 2017 ND 242, ¶ 32, 903 N.W.2d 72 (citation omitted). “Generally, this Court applies the ‘American Rule,’ which requires parties to bear their own attorney’s fees unless the fees are expressly authorized by statute.”  
Lizakowski
, 2017 ND 91, ¶ 25, 893 N.W.2d 508.

“An award of attorney fees requires specific findings supported by evidence of the parties’ financial conditions and needs.”  Fault is considered only to the extent one party has unreasonably escalated the fees.  “A district court’s award of attorney fees will not be disturbed on appeal unless the appealing party establishes the court abused its discretion.”  “A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law.”

Id.
 at ¶ 26 (citations omitted).  Generally, a court’s award of attorney’s fees requires specific findings supported by the evidence.  
Id
. at ¶ 28.

[¶18] Here, the judgment stated “[a]s indicated herein, Jason shall be obligated to pay $5,956.00 towards Samantha’s attorney’s fees.”  Although the district court makes findings of fact and witnesses testified at trial regarding Samantha’s need for financial assistance and Jason’s ability to pay for spousal support, the court did not make any specific findings as to why the court awarded Samantha attorney’s fees.

[¶19] Both parties listed their attorney’s fees on the N.D.R.Ct. 8.3(c)(4), joint property and debt listing.  At trial, both parties submitted evidence supporting the amount of attorney’s fees listed on the property and debt listing.  Jason testified he had already paid some of his attorney’s fees.  Neither party objected to the amounts entered for attorney’s fees on the joint property and debt listing.

[¶20] After trial, Jason filed a “Request for Clarification and Reconsideration of Calculations in Memorandum Opinion” in the district court.  North Dakota law does not formally recognize motions to reconsider.  
Kautzman v. Doll
, 2018 ND 23, ¶ 9. This Court generally treats a motion for reconsideration as either a motion to alter or amend the judgment under N.D.R.Civ.P. 59(j), or a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b).  
Id.
  Jason moved for reconsideration after the court filed its memorandum opinion, but before the judgment was entered, citing no legal authority.  Jason’s motion does not appear to meet the criteria of either N.D.R.Civ.P. 60(b) or 59(j), because it was brought prior to judgment being entered, so it was not requesting relief from a final order or judgment under N.D.R.Civ.P. 60(b), or to alter or amend a judgment under N.D.R.Civ.P. 59(j).  We are not bound by a party’s label and may look at the substance to determine proper classification.  
In re N.C.C.
, 2000 ND 129, ¶ 11, 612 N.W.2d 561.  It appears Jason’s motion was brought in part under N.D.R.Civ.P. 60(a), requesting correction of clerical mistakes and in part under N.D.R.Civ.P. 59(b), requesting a new trial.  A motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) may be used to ask the court to reconsider its judgment and correct errors of law.  
Id.
 at ¶ 12.  Conversely, a motion for a new trial is asking the court to reexamine issues of fact.  
Id.
  Jason’s post-trial motion asks the court to reconsider findings of fact.  In particular, Jason asked the court to reconsider his ability to pay spousal support and Samantha’s needs, arguing she is capable of supporting herself.  A court’s decisions on spousal support are findings of fact.  
Gustafson v. Gustafson
, 2008 ND 233, ¶ 6, 758 N.W.2d 895.  While Jason did not specifically request a new trial, his requested relief suggests this is the basis of his motion.  A new trial is a re-examination of an issue of fact in the same court, after a trial and decision by a court. 
See 
N.D.R.Civ.P. 59(a).

[¶21] A party is not required to move for a new trial before appealing the judgment, but when a party does move for a new trial, that party is limited on appeal to those issues raised in the motion for a new trial.  
In re N.C.C.
, 2000 ND 129, ¶ 10, 612 N.W.2d 561; 
Minto Grain, LLC v. Tibert
, 2009 ND 213, ¶ 17, 776 N.W.2d 549.

[¶22] In 
Kosobud v. Kosobud
, 2012 ND 122, ¶ 4, 817 N.W.2d 384, the parties raised post-trial motions after the district court issued an opinion, but prior to the judgment being entered.  The court in 
Kosobud
, as in this case, corrected parts of its decision but otherwise denied the post-trial motion.  
Id.
  Similarly to this case, the motions included challenges to the property division and spousal support, but the new trial motion did not include a challenge to attorney’s fees.  
Id.
 at ¶ 20.  We stated in 
Kosobud
, when an award of attorney’s fees is not raised in a motion for a new trial, it cannot be raised on appeal.  
Id.

[¶23] Jason did not include a challenge to attorney’s fees in his motion for reconsideration.  Therefore, Jason waived the issue on appeal.

V

[¶24] We affirm the district court judgment distributing the parties’ marital property and debts and awarding spousal support.

[¶25]
 Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.